McHugh, J.
Plaintiff John H. TenPas, M.D. (“TenPas”) seeks summary judgment in his favor on Counts XV, XXVI, XXVII and XXVIII of the complaint. Various procedural difficulties attend that motion. At bottom, however, everyone agrees that TenPas is entitled to a portion of the proceeds of Dr. Wright’s “buy-in” payments. Defendants[2] nevertheless maintain that the claims they have asserted against TenPas in this litigation amount to setoffs and that therefore no payment is due now.
The doctrine of setoff allows for crediting reciprocal rights arising under different transactions. In Re Mohawk Industries, Inc., 82 B.R. 174, 176 (D.Mass. 1987) (government may setoff the balance remaining due it under a contract against obligation it has to contractor under second contract). Setoff of mutual debts is generally allowed despite the lack of any express statutory authorization. Id. at 179. Before a setoff may be exercised, though, each party must have an obligation to pay the other. Id.; Massachusetts Motor Vehicle Reinsurance Facility v. Commissioner of Insurance, 379 Mass. 527, 539 (1980).
As stated, there is no dispute that LEA has an obligation to pay Tenpas the quarterly amounts due him. There is a dispute as to amounts, if any, owed by Tenpas to the defendants on defendants’ counterclaims. If LEA and the physicians were to be awarded a judgment against Tenpas on the counterclaims, they would be entitled to setoff the amount they owe to Tenpas by any amount he might owe to them. See Superior Glass Co., Inc. v. First Bristol County Nat’l Bank, 380 Mass. 829, 833 (1980) (owner may retain a portion of payments due on a construction contract and deduct offsetting claims against the contractor, even though claims are unrelated to the contract); Grozier v. Post Publishing Co., 342 Mass. 97, 104 (1961) (where defendant paid to third parties sums for which plaintiff was responsible, plaintiff was entitled to setoff the amount owed to defendant against defendant’s debt to her).
Given the claims defendants have raised, TenPas at this stage has the burden of demonstrating the absence of any genuine issue of material fact on the question of setoff. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Because TenPas does not have the *161 burden of proof on the issue of setoff at trial, he might demonstrate the absence of a triable setoff issue either by submitting affirmative evidence that negates an essential element of the defendants’ case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). He has done neither. Accordingly, while his right to the proceeds has been conceded, his unencumbered right to those proceeds and thus his right to an immediate judgment has not been shown.
ORDER
In light of the foregoing, Plaintiffs Motion for Summary Judgment is DENIED.

 Williams, the attorney, does not concede that he has any obligation to TenPas beyond an obligation to pass on to TenPas, if otherwise appropriate, TenPas’s share of the payments. LEA has sent that share to Williams at least since the litigation began.