Fremont-Smith,
J. This matter arises out of a personal injury claim brought by the plaintiff Linda Draleau (“Draleau”) against the defendant Center Capital Corporation (“Capital”) for breach of warranties and negligence arising out of injuries sustained when the plaintiff was using machineiy used for manufacturing by her employer, Miles Kedex Co., Inc. (“Miles"). Center Capital moves for summary judgment on the ground that it merely provided financing for the purchase of the machine by Miles so that it cannot be liable for breach of warranty or negligence. For the following reasons, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
At all relevant times, the plaintiff Linda Draleau was employed by Miles, a company located in Leominster, Massachusetts which is engaged in the manufacture of paper products. While at work on January 13, 1992 the plaintiffs hand became caught in the rollers of a flatboard wrapper machine (“the machine”). The machine was originally designed and manufactured by Crathem Engineering Co, Inc. (“Crathern”) and was subsequently reconditioned by R.S. Northern Co. (“R.S. Northern”). The President of Miles, Stephen Muller, entered into negotiations with R.S. Northern to purchase the machine. After a purchase price was agreed upon, Miles obtained financing from Capital. A master lease agreement was entered into which provided that the term of the lease was sixty months with monthly payments of $406.18, that the title to the machine was to be held by Capital and at the termination of the lease, Miles would assume ownership of the machine upon payment of one dollar, and that Miles was responsible for payment of taxes and insurance on the machine. The lease agreement further specified that Capital disclaimed any express or implied warranties concerning the machine. Capital never took physical possession of the machine, or even saw it, as it was shipped directly from R.S. Northern to Miles.
DISCUSSION
A. Summary Judgment Standard
The Court grants summary judgment where there are no genuine issues of material fact and where the nonmoving party is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by demonstrating that proof of that element is unlikely to be forthcoming at trial. Flesner v. Technical Commun. Corp., 410 Mass. 805, 809 (1991). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra, at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
B. Liability for Implied Warranties
A warranty of merchantability is implied only if the seller is a merchant with regard to goods of the kind, G.L.c. 106, §2-314(1), and a warranty for particular purpose is implied only if a buyer is relying on the seller’s skill or judgment to select or furnish suitable goods. G.L.c. 106, §2-315. No implied warranty is created by a “finance lease.” c. 106, §2A-212(1). The question, then, is whether, on the undisputed facts here, the defendant is a “merchant” or a “seller,” or is merely a “finance lessor.” A merchant is defined by the Uniform Commercial Code as a person who “deals in goods of the kind or otherwise holds himself out as having knowledge or skill peculiar to the practice or goods involved in the transaction.” G.L.c. 106, §2-104.
G.L.c. 106, §1-201(37) provides that a “security interest means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or deliveiy to the buyer under the provisions of §2-401 is limited to in effect the reservation of a security interest.” Id. The statute goes on to state that “whether a transaction creates a security interest is determined by the facts of each case. However, ... an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security." Id.
As the court noted in Patriot General Life Ins. Co. v. CFC Investment Co., 11 Mass.App.Ct. 857 (1981), finance lessors provide funds and are not considered merchants. Id. at 860-61. The Court went on to note (at 862, fn. 6):
In the finance-lessor context the courts find no implied warranty of merchantability because the lessor is not a merchant (G.L.c. 106, §§2-104[l], 2-314(1]), and because the lessee has not relied upon the lessor’s skill or judgment to select or furnish the leased equipment (G.L.c. 106, §2-315). See Holmes Packaging Mach. Corp. v. Bingham, 252 Cal.App. at 873-75, 60 Cal.Rptr. 769; All-States Leasing Co. v. Ochs, 42 Or.App. at 335-36, 600 P.2d 899. See generally, Annot., Application of Warranty Provisions of Uniform Commercial Code to Bailments, 48 A.L.R.3d 668 (1973).
*560 Accordingly, the consideration that flows from a financing lessor is money, not a functioning product. Id. at 862. The court also noted that many finance lease agreements contain an express disclaimer of liability for malfunctioning equipment. Id. at 863. In these situations, the position of the finance lessor in circumstances suggesting product liability is much stronger. Id. The express disclaimer of liability for malfunctioning equipment in the lease document reinforces the conclusion that Capital was a finance lessor, id.[3]
Although Capital retained title to the machine throughout the lease term, it never took possession of the machine, and it is clear that the purpose of the retention of title was to secure its financial interest in the equipment. The agreement did not represent a lease in the traditional sense in which the owner would reassume physical possession of the object at the termination of the lease. On the contrary, under the lease, Miles, which already had possession, was to purchase the machine at the end of the lease for the nominal amount of one dollar.
The other circumstances in the case confirm that Capital was a “finance lessor” which merely maintained a security interest in the machine throughout the lease term. The machine was manufactured by Crathem and was subsequently reconditioned by R.S. Northern. Miles entered into negotiations directly with R.S. Northern to purchase the machine. After a purchase price was agreed upon, Miles obtained financing from Capital. Neither Capital nor its agents ever handled or inspected the machine; nor did Capital or its agents ever advise or instruct Miles Kedex on its maintenance, operation or care. The defendant’s business was exclusively to provide financing for companies which desired to purchase equipment.
On the undisputed facts, the court concludes that Capital was a finance lessor which entered into a lease, the purpose of which was to create a security interest in the machine. See G.L.c. 106, §1-207. Since Capital is a finance lessor and not a merchant with regard to this type of goods, no implied warranty was created and defendant is entitled to summary judgment.
C. Validity of Negligence Claim
Count V of the plaintiffs complaint alleges negligence committed by the defendant. However, the plaintiffs own answers to defendant’s interrogatories admit lack of any negligence committed by Center Capital, and explicitly state that plaintiff is "unaware of any negligent action by Center Capital Corporation.” Accordingly, no issue of material facts is raised in this regard.
ORDER
For each of the foregoing reasons, it is hereby ORDERED that the defendant’s motion for judgment is ALLOWED, and judgment shall enter for the defendant Center Capital Corporation.

 In conspicuous language, the lease states: “No warranty by lessor. Lessor neither being the manufacturer of nor the dealer in, the equipment makes no warranty to anyone as to any matter whatsoever, express or implied, including without limitation, the fitness, merchantability, design, condition, or capability, performance or any other aspect of the equipment