Toomey, J.
Plaintiff, Michael Capone (“Capone”), brought this action to recover for personal injuries he sustained due to defendants’ alleged negligence. Defendants Steven Langhill (“Steve”), Ellen Langhill (“Ellen”) and Scott Langhill (“Scott”) now request summary judgment. For the following reasons, defendants’ motion is ALLOWED in part and DENIED in part.
BACKGROUND
On June 17, 1994, Capone arrived at Steve and Ellen’s home for a cookout in honor of their son, Scott, who was to be married the following day.[2] Capone brought with him, in Scott’s truck which Capone had borrowed for the day, approximately fifteen commercial grade fireworks. As the sky darkened, Capone and Steve decided to launch the fireworks and obtained from Steve’s garage a tube suitable for discharging the munitions. Capone retrieved the fireworks from Scott’s truck and defendant Edward Mahoney (“Mahoney”) and Capone proceeded to light approximately ten fireworks. The remaining fireworks were not launched because the police arrived at the house and told the Langhills to cease the dangerous activity. After the police left the premises, Capone placed the remaining fireworks in the cab of Scott’s truck.
The guests, including Scott, Mahoney and Capone, continued to drink alcoholic beverages made available by the Langhills. In addition, Capone and Scott snorted a few lines of cocaine. At approximately midnight, Scott, Mahoney and Capone decided to take Scott’s truck and continue the pariy at Boston Billiards and/or Ralph’s Diner. All three were admittedly intoxicated, but Capone told Scott and Mahoney that he could drive safely. As Steve walked the three men to Scott’s truck, Capone also assured Steve that he could drive safely. Steve was not aware that the remaining fireworks were in the truck’s cab.
After a short drive, Scott, Capone and Mahoney arrived at the Boston Billiard’s parking lot. Either Scott or Mahoney or both of them picked up a firework from the truck’s floor, lit it and handed it to Capone who threw it out an open window. The three drove farther on and decided to light another firework. Either Scott or Mahoney picked up a second firework, which was lit by either Scott, Mahoney or Capone. Capone then attempted to throw the firework through the open window, but his effort failed and the firework exploded inside the cab. The explosion ignited the remaining fireworks on the truck’s floor and all three men sustained severe injuries.
Capone brought a multi-count complaint against the defendants. Only Scott, Steve and Ellen have requested summary judgment at this juncture, and, therefore, this discussion will be limited to claims involving them. Capone claims that Steve and Ellen were grossly negligent for allowing Capone to become intoxicated at their pariy, serving him additional alcohol while he was in that condition, and allowing him to leave their home in a truck containing commercial grade fireworks, thereby violating their duty to prevent Capone from endangering himself. (Counts III and IV). Capone also asserts that Steve’s and Ellen’s actions constituted negligence (Counts V. and VI) and willful, wanton and reckless conduct (Counts IX and X). In addition, Capone claims that, by lighting commercial grade fireworks on their property, an abnormally dan *333 gerous activity, Steve and Ellen are strictly liable for Capone’s damages because his injuries were of a type to be expected from the use of such fireworks. (Count XI). Finally, Capone asserts that Scott is liable for Capone’s injuries because Scott participated in lighting the fireworks both at the party and in the truck. (Count VII).
DISCUSSION
Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of establishing “that the summary judgment record entitled the moving party to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 808, 809 (1992); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party then must respond by articulating facts which establish the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17.
A.ALLEGATIONS OF NEGLIGENCE, GROSS NEGLIGENCE AND WILLFUL, WANTON AND RECKLESS CONDUCT AGAINST STEVEN AND ELLEN LANGHILL
Capone’s allegations of negligence, gross negligence and willful, wanton and reckless conduct are based on a theory that Steve and Ellen owed Capone a duty of care because they were his social hosts. Concededly, a social host is liable in tort for his or her intoxicated guest’s actions that injure a third party. McGuiggan v. New England Tel. and Tel. Co., 398 Mass. 152, 155 (1986). A social host is, however, under no duty to prevent a guest from injuring him or herself. Manning v. Nobile, 411 Mass. 382, 389 (1991). That distinction is based on the proposition that, as between the social host and the public in general, the social host is in a far better position than are others to prevent harm to those others resulting from a guest’s intoxication. Id. at 391. As between the social host and the guest, however, the guest is in the better position to prevent harm to himself or herself. Id. Based on that proposition, Steve and Ellen did not, as a matter of law, owe a duty to Capone to prevent him from injuring himself. Therefore, Steve and Ellen will be granted summary judgment on those counts grounded in negligence, gross negligence and willful, wanton and reckless conduct.[3]
B.ALLEGATIONS OF STRICT LIABILITY AGAINST STEVEN AND ELLEN LANGHILL
Capone’s allegations of strict liability may similarly be determined on summary judgment.
Capone argues that Steve and Ellen should be found strictly liable for his injuries because they engaged in an abnormally dangerous activity, to wit, igniting fireworks at their home. That activity, Capone argues, was the cause of the explosion that led to his injuries. Capone’s syllogism is, however, unpersuasive. Although setting off commercial grade fireworks at the house may have been an abnormally dangerous activity, that conduct indisputably did not cause Capone’s injuries. Franchi v. Stella, 42 Mass.App.Ct. 251, 255 (1997).
To establish causation, a plaintiff must prove that the defendant’s negligence was a substantial factor in bringing about the plaintiffs loss. Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522-23 (1st Cir. 1990) (citing Tritsch v. Boston Edison Co., 363 Mass. 179, 182 (1973)). At bar, Capone will not be able to establish that Steve and Ellen’s decision to light the commercial grade fireworks at their home was a substantial factor in bringing about Capone’s injuries in the truck. There is no evidence that Steve and Ellen knew the fireworks were in the truck, that the injury-producing fireworks were launched on their property, or that said munitions were ignited by them personally. Therefore, in the absence of any evidentiary base for a finding of causation, Steve and Ellen cannot be held liable to Capone on a theory of strict liability. Their motion for summary judgment upon Count XI must be allowed.
C.ALLEGATIONS OF NEGLIGENCE AGAINST SCOTT LANGHILL
Capone asserts that Scott is liable for his injuries based on a negligence theory since Scott allowed the fireworks to be lit at his parents’ home and participated in lighting the fireworks in the truck later the same night. Scott will not be liable on a social host theory, as discussed supra, but he may be liable for his acts of negligence, if any, that occurred in the truck. Scott’s liabiliiy might follow if it is established at trial that, while in the motor vehicle, he lit and handed Capone the injury-producing firework.
An examination of the deposition testimony reveals that there is a factual contest as to which celebrant actually lit the fireworks while in the truck. Capone states, at one point in his deposition, that he lit the fireworks and, at another, that Scott or Mahoney ignited them. Scott’s deposition, however, indicates that Capone was the responsible party. Because genuine issues exist with respect to the material fact of the identity of the ignitor, Count VII does not survive summary judgment.
*334 ORDER
It is hereby ORDERED that defendants’ motion for summary judgment is ALLOWED as to Counts III, IV, V, VI, IX, X and XI. The motion is also ALLOWED with respect to those portions of Count VII that allege Scott Langhill’s negligence at the party, but is DENIED in connection with those positions of Count VII that allege Scott’s negligence in the truck.

At the celebration, the Langhills served their guests food and alcohol.

 Capone also argues that Steve and Ellen have liability based on their negligent decision to allow commercial grade fireworks to be lit on their property. While their decision may have been indefensible, the ignition of fireworks at their house does not demonstrate that Steve and Ellen acted in such a way that the natural and probable consequence of their actions was that Capone would be injured while in Scott’s truck. Baines v. Collins, 310 Mass. 523, 526 (1941). As such, Steve and Ellen’s possibly negligent decision countenancing the lighting of commercial grade fireworks on their property was not, as a matter of law, the cause of Capone’s injuries.