Welch, J.
The question, in a nutshell, is whether a plastic bench on which a so-called “life-size” plastic Ronald McDonald sits constitutes an open and obvious danger for which its owner cannot be held liable. While the Ronald McDonald bench may not be artistic, natural or appealing, it is plainly not subtle. Thus, the answer as a matter of law is that Ronald and his bench, even if they constitute a dangerous condition, are open and obvious and do not give rise to liability.
This case is before the Court on the defendant’s motion for summary judgment on the plaintiffs claim for negligence, pursuant to Mass.R.Civ.P. 56. The plaintiff, Mary Laterza, alleges a claim of negligence against the defendant, Donald Buehler, d/b/a Buehler Management Co., arising from the plaintiff falling from a plastic bench owned by the defendant in the Woburn Mall. For the following reasons, the defendant's motion for summary judgment is ALLOWED.
FACTS[1]
On June 21, 1999, the plaintiff, Mary Laterza, went shopping with her family at Woburn Mall, in Woburn, Massachusetts. At some point during their excursion, the plaintiff decided to sit on a bench to wait for her children while they shopped in the mall. This bench is owned by the defendant, Donald Buehler, d/b/a Buehler Management Co. The bench is called a Ronald McDonald Bench (hereinafter “the Bench”). The Bench is made of plastic and has a life-size figure of Ronald McDonald sitting on one side of the Bench. There are no handrails at either end of the Bench. The defendant leased a space from the Woburn Mall for the Bench as a means of advertising his McDonald’s Restaurant. The Bench is situated among other benches that are made of wood and metal and have handrails.
On this date, after sitting on the Bench for approximately thirty minutes, a child began to climb in between the plaintiff and the Ronald McDonald figure. At one point, the child stepped on the plaintiffs knee. This apparently caused the plaintiff pain. When the plaintiff moved over to make room on the Bench for the child, she fell off the end of the Bench. As a result of the fall, an ambulance transported the plaintiff to the hospital where she underwent surgery for a broken right hip.
In her claim against the defendant, the plaintiff alleges that the defendant was negligent because he allowed an unsafe and dangerous condition to exist when he put a plastic bench without handrails and a life-size figure of Ronald McDonald in the Woburn Mall. In his motion, the defendant requests this Court to grant him summary judgment arguing that the plaintiff cannot prove the essential element that the defendant owed a duty to the plaintiff. The defendant specifically argues that the Bench constituted an open and obvious danger relieving him from a duty to warn the plaintiff of a dangerous condition on his property.
DISCUSSION
The Court will grant summary judgment where there are no material facts in dispute and the moving party is entitled to summary judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of demonstrating both that there is no triable *204 issue of fact and the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party opposing the motion must then allege specific facts establishing a genuine issue of material fact, thereby rendering summary judgment inappropriate. Id. at 17. Summary judgment is also appropriate when the nonmoving party has no reasonable expectation of proving an essential element of its case. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Normally, summary judgment is “seldom sought or granted” in claims of negligence. Manning v. Nobile, 411 Mass. 382, 388 (1991). However, this rule is not absolute “(since the defendant] would not have the burden of proof at trial, [he] could satisfy [his] burden on a motion for summary judgment by establishing that [the plaintiff] could not prove an essential element of [her] claim.” Id., citing Kourouvacilis v. General Motors Corp., 410 Mass, at 714.
In this case, the defendant argues that the plaintiff cannot establish that the defendant owed a legal duty to the plaintiff. For the plaintiff to prevail at trial, the plaintiff must prove the existence of “a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in the injury.” O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000), quoting Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). Whether a duty exists is a question of law for this Court to decide. Id. An owner of land owes a duty of reasonable care to all lawful visitors. O’Sullivan v. Shaw, 431 Mass, at 204. “This duty includes an obligation to ‘maintain his property in a reasonable safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of the risk,’ and ‘to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware.’ ” Id., quoting Mounsey v. Ellard, 363 Mass. 693, 708 (1978), and Davis v. Westwood Group, supra. However, this duty to warn does not extend to dangerous conditions on a landowner’s property that “would be obvious to persons of average intelligence.” O’Sullivan v. Shaw, 431 Mass, at 204. When a danger is obvious to “persons of average intelligence,” a landowner will be relieved from his duty to warn a visitor. Id. Under these circumstances, the law allows a landowner to assume that “a visitor has knowledge of [the danger] and, therefore, ‘any further warning would be an empty form’ that would not reduce the likelihood of resulting harm.” Id., quoting LeBlanc v. Atlantic Bldg. & Supply Co., 323 Mass. 702, 705 (1949). A court’s inquiry is an objective evaluation of “the reasonableness of the defendant’s conduct: it presumes a plaintiffs exercising reasonable care for his own safety and asks whether the dangerous condition was, objectively speaking, so obvious that the defendant would be reasonable in concluding that an ordinary intelligent plaintiff would perceive and avoid it and, therefore, that any further warning would be superfluous.” Id. at 206.
In this case, the defendant argues that he had no duty to warn the plaintiff of the fact that the Bench did not have handrails because it was an “open and obvious danger.” The undisputed facts establish that the Bench is made of plastic, is occupied on one side by a life-size Ronald McDonald, and has no handrails on either side of the Bench. The defendant put the Bench in this area of the Woburn Mall to advertise his restaurant. When installing the Bench, the defendant would have been aware that there were no handrails. From the facts in this case, any reasonable person approaching the Bench would recognize the lack of handrails. Moreover, knowing that the Bench lacked handrails, a reasonable person would realize that there is nothing on the end of the Bench to prevent someone from sliding off should they move too far over. This is an open and obvious danger that “would be obvious to persons of average intelligence” and therefore relieves the defendant from a duty to warn the plaintiff in this case. O’Sullivan v. Shaw, 431 Mass, at 204.
The plaintiff also argues that the Ronald McDonald. figure was a dangerous condition in that this life-size plastic figure beckoned the children much like the Pied Piper of fable.[2] The argument is that the defendant knew (or reasonably should have known) that the children would be drawn to Ronald and would climb upon the Bench to be near him and, being children, might kick or push others sitting on the Bench and, thereby, increase the danger of being pushed off the Bench. This reasoning may be questionable, or at least, extended. In any event, given the often depressing commercialization of American culture, the “attractiveness” of a life-size Ronald McDonald to children would not be a hazard known only to the owner. Instead, any average American is all too familiar that a large plastic red-headed clown might well encourage close encounters with children. As stated earlier, any danger was open and obvious. Accordingly, the defendant’s motion for summary judgment must be allowed.
ORDER
For the foregoing reasons, this Court ORDERS that the defendant’s motion for summary judgment is hereby ALLOWED and it is further ORDERED that the plaintiffs complaint be DISMISSED and judgment be entered in favor of the defendant.

 Unless otherwise specified, the relevant facts herein stated are taken from the undisputed facts of the parties, submitted pursuant to Superior Court Rule 9A(b)(5).

 To be more specific, it was the Pied Piper of Hamelin. According to the German legend, said piper was hired to rid the town of Hamelin of its rats by piping. When refused due payment by the townspeople, he led away the children of the town by playing a tune.