Toomey, J.
Plaintiff Wendy Hayes (“Hayes”) has brought suit for injuries she allegedly suffered as a result of defendants’ negligence. Hayes’ claims have their genesis in a March 5, 1995 incident in which she was assaulted by a male in the parking lot of the Spencer police station and after which defendant Cote, purporting to investigate that assault, committed a further assault upon her. The complaint involving the later assault is now before the court on Hayes’ motion for summary judgment.
BACKGROUND
In early August 1995, Officer John Cote of the Spencer Police Department telephoned Hayes and told her that he was involved in the criminal prosecution of Thomas Sullivan.[1] Cote asked Hayes to meet her at a friend’s house to discuss the matter. Hayes thought that the suggestion was odd, but acceded to Cote’s request. They met approximately one half hour later. During their discussion, Cote indicated that his chief had told him to handle the Sullivan case. The meeting lasted approximately an hour.
During the next week, Cote telephoned Hayes several times, discussing both the criminal case and personal matters. On August 11, 1995, Cote told Hayes to meet him at a restaurant to discuss the criminal case. After having a drink at the restaurant, Hayes followed Cote to a friend’s house. Upon arriving at the house, Cote removed a cooler of beer from his vehicle. The two sat on the deck of the house and discussed both personal matters and the criminal case. At one point while Hayes was standing, Cote forcibly pulled her on his lap and began to fondle her breasts. Hayes got up from Cote’s iap and left the deck. After approximately ten to fifteen minutes, Hayes noticed that Cote had left the deck and she returned to the house. There she observed Cote sitting on the couch and masturbating. Hayes left the premises. Cote was convicted on March 26, 1998 upon complaints accusing him of indecent assault and battery and indecent exposure.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that it is entitled to judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, that party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment.” Pederson, 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).[2]
A negligence action against a municipality in the instant circumstances is limited to an action under the Commonwealth’s Tort Claims Act, G.L.c. 258. The Act provides, however, that “any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation . . . which is not originally caused by the public employer . . .’’is exempt from suit. G.L.c. 258, §10(j).
The Supreme Judicial Court has labored to make sense of the “interpretive quagmire” of §10(j). Brum v. Town of Dartmouth, 428 Mass. 684, 692 (1999). Having determined that, under §10(j), “there is immunity in respect to all consequences except where ‘the condition or situation’ was ‘originally caused by the public employer,’ ” id., the Court then struggled to give a reading to the phrase, “originally caused by the public employer,” that would avoid swallowing up the immunity intended in §10(j) and refrain from relegating the statutory language to surplusage. Id. at 692-96. The Court was concerned that, “if a neglect of a duty can be taken to ‘originally cause! ]’ . . . a ‘situation,’ then the opening words of §10(j), immunizing *act[s] or failure(s) to act to prevent,’ which we take to announce the provision’s principal purpose, would virtually be read out of the provision.” Id. at 692-93. The Court *340 finally, and firmly, gave life to the legislative effort to provide immunity by concluding that §10(j) excluded the defendants’ liability, for their failure to remedy a lack of security on school grounds and thus to prevent plaintiffs demise, where the injury was not "originally caused by the public employer.” Id. at 696.
In the instant case, Hayes propounds several theories for the town’s negligence: the failure to properly handle the investigation of the Thomas Sullivan criminal matter; the failure to train or supervise Officer Cote with respect to the conduct of the investigation; the failure to have an adequate policy with respect to police conduct during the investigation; the failure to take appropriate disciplinary action against Officer Cote for other incidents prior to August 1995; and the failure to complete the mandatory and requisite training, testing and evaluation prior to hiring Officer Cote.[3]
What Hayes advances in her complaint as the town’s negligent actions, are, in reality, failures to act. It is those failures, she claims, with respect to Officer Cote and the investigation of the Sullivan matter, which, had they been remedied, might have prevented or diminished the harm to Hayes. But, failures to act to prevent or diminish harm cannot, after Brum, be the underpinnings of suit against a government entity. See id. at 693.
Accordingly, there is no genuine issue of material fact that G.L.c. 258, §10(j) exempts the town from liability. This court is permitted, by Mass.RuleCiv.P. 56(c), to render summary judgment, when appropriate, against the moving party. At bar, because Hayes’s suit cannot succeed against the Town of Spencer, summary judgment will issue against Hayes even though the Town did not cross-move for summary judgment.
ORDER
For the foregoing reasons, Hayes’s motion for summary judgment is DENIED. Summary judgment will, however, ENTER in favor of defendant Town of Spencer.

 Thomas Sullivan was arrested in March 1995 for assaulting Hayes In the parking lot of the Spencer police station.

 These sentiments also apply where, as here, the opposing party has not crossed-moved for summary judgment, but, because the record suggests that the moving party cannot prevail at trial, the moving party becomes the opponent of summary judgment. That is to say, the respective roles are reversed.

 Hayes alleges that these acts give rise to the following claims: negligent and wrongful acts of omission (Count I); negligent exercise and/or duty to perform to prevent harm (Count II); duty to protect (Count III); and negligent/intentional infliction of emotional distress (Count IV).