Toomey, J.
BACKGROUND
Plaintiff Joseph Fenuccio, as administrator of the estate of his wife, Gloria J. Fenuccio, brings this action against defendants Webster Square Package Store (“Webster Square”) and Gibbons Discount Liquor Store for wrongful death (Count I) and pain and suffering (Count II). Fenuccio alleges that both liquor stores served Mrs. Fenuccio liquor while she was intoxicated, causing her to fall down a roadside embankment and ultimately resulting in her death.
This matter is now before the Court on Webster Square’s motion for summary judgment. Webster Square argues that there is no genuine issue of material fact that Mrs. Fenuccio displayed no visible signs of intoxication while on its premises and that Mrs. Fenuccio’s death was not proximately caused by Webster Square because the death was the consequence of a series of intervening events. For the following reasons, the defendant’s motion for summary judgment is DENIED.
FACTS
At approximately 9:30 a.m., on January 10, 1997, Gloria Fenuccio called a cab to pick her up at her home at 11 Lanark Street in Worcester, Massachusetts. When the cab driver entered the driveway and sounded the horn, Mrs. Fenuccio exited the house, entered the cab and requested to be taken to the Webster Square Package Store. The cab driver observed that Mrs. Fenuccio was slurring her words and he detected an odor of alcohol. Upon arrival at the package store, Mrs. Fenuccio entered the store, purchased two bottles of vodka and returned to the cab carrying the bottles in a paper bag. The cab driver noticed that she was unsteady on her feet as she entered the store. The cab driver then brought her directly back to her home.
Mr. Fenuccio was present when the cab arrived at the house; by that time, one bottle had been opened and there was a small amount of vodka missing. Mr. Fenuccio took both bottles of vodka from his wife and emptied them. Mr. Fenuccio led Mrs. Fenuccio to a sofa, where he instructed her to rest; Mr. Fenuccio then left the house.
At approximately 11:30 a.m. that day, the same cab driver responded to a second call from Mrs. Fenuccio. Mrs. Fenuccio exited the house when the cab arrived and the driver saw her stumble on the way to the cab. The cab driver again noted that her speech was slurred and observed that the odor of alcohol was stronger than it had been at their meeting earlier that morning. Mrs. Fenuccio requested to be taken to Gibbons Liquor Store, located approximately one mile from her house. Upon arriving at the store, she entered and returned to the cab carrying a brown paper bag with the neck of one bottle protruding therefrom.
Mrs. Fenuccio instructed the cab driver that, if Mr. Fenuccio’s truck was in the driveway, the driver should continue past the house. The driver saw the truck and drove past the house. Mrs. Fenuccio then directed the driver to James Street in Worcester, Massachusetts, and requested to be delivered to a location on that street; the cab driver complied with her request. The cab driver left the area and notified a police officer of the incident. Mrs. Fenuccio’s body was found in a shallow brook at the bottom of an embankment near James Street. An autopsy report listed the cause of death as drowning and her blood alcohol level as .24.
Discussion
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
*74 The plaintiff alleges that Webster Square was negligent in selling liquor to Mrs. Fenuccio, who was, it claims, obviously intoxicated at the time, and that such negligence proximately caused her death. Webster Square moves for summary judgment, arguing that as a matter of law, the Court should determine that the deceased was not visibly intoxicated at the time of the purchase and, further, that Gibbons’ subsequent sale of liquor to her was a superseding and intervening cause of her death, breaking the chain of causation and precluding Webster Square’s liability. We shall treat each aspect of Webster Square’s Mass.R.Civ.P. 56 contention in turn.
A. Visible Intoxication
The controlling rule of law is that a purveyor of liquor does not owe a duty to refuse to serve liquor to an intoxicated patron unless the seller knows or reasonably should have known that the patron is intoxicated. See Vickowski v. Polish American Citizens Club of Deerfield, Inc., 422 Mass. 606, 609 (1996); Cimino v. Milford Keg, Inc., 385 Mass. 323, 327 (1982). In order to prevail upon a complaint such as that at bar, the plaintiff must offer some competent evidence that the patron’s intoxication was apparent at the time she was served by the defendant. See Vickowski v. Polish American Citizens Club of Deerfield, Inc., supra at 608-09; Kirby v. DeLisco, Inc., 34 Mass.App.Ct. 630, 632 (1993). The instant record suggests that the necessary evidence will likely be adduced at trial. Although, as the defendant argues, the plaintiff offers no evidence of Mrs. Fenuccio’s intoxication at the time of the purchase at Webster Square, there is sufficient witness testimony from the cab driver of her conduct just before she entered the store and immediately after her exit as he drove her home.
The defendant disputes the sufficiency of that “before and after” evidence and relies heavily on the Appeals Court’s holding in Kirby v. DeLisco, Inc., supra, for the proposition that the fulcrum inquiiy is how a person acts or appears on the premises of the vendor at the time of the purchase. While the Appeals Court in Kirby affirmed the grant of summary judgment for the defendant tavern owner, Kirby’s facts are distinguishable from those of the case at bar. In Kirby, the plaintiffs put forth no evidence of the defendant assailant’s intoxicated appearance either before he entered the bar or during his presence in the bar where, he admitted, he had consumed eight beers. Kirby v. DeLisco, Inc, supra at 631. The only evidence of intoxication in Kirby was the consumption of eight beers and his display of violence after leaving the bar; there was no evidence that the assailant appeared to have impaired faculties. Id. at 632. Moreover, the Kirby Court’s decision did not preclude evidence of a person’s behavior before and after being served liquor in the assessment of whether the person was apparently intoxicated at the time of service. Kirby is not dispositive of the instant dispute.
The plaintiff does not have a higher or special burden of proof on the question of appearances and may seek to prove the point by direct or circumstantial evidence or some combination of the two. Douillard v. LMR, Inc., 433 Mass. 162, 165 (2000). Thus, the plaintiff has the burden of showing only that it was more probable than not that Mrs. Fenuccio appeared intoxicated at the time’ she purchased alcohol at Webster Square. Id. The evidence at bar of her slurred speech, falling and stumbling, and strong odor of alcohol, together with reasonable inferences drawable therefrom, is sufficient to raise a genuine issue of material fact as to whether Mrs. Fenuccio was visibly intoxicated when she was served by defendant.
B. Intervening and Superseding Act
Webster Square also argues that, because it is undisputed that Mrs. Fenuccio also purchased alcohol at another package store after her purchase at Webster Square, the intervening act of a subsequent purchase is a superseding cause which breaks the chain of causation, and, as a matter of law, requires judgment in Webster Square’s favor. The critical inquiiy for the resolution of the superseding cause defense — to wit, whether the intervening act was foreseeable — involves, however, the determination of a genuine issue of material fact.
The intervening act of a third party is a superseding cause which breaks the chain of causation when the original actor could not have foreseen the occurrence of such an act. Copithorne v. Framingham Union Hosp., 401 Mass. 806 (1988). The general test for determining whether an independent intervening act has interrupted the chain of causation is the foreseeability of that act. Irwin v. Ware, 392 Mass. 745, 762 (1984) (“[T)he foreseeability of the harm [is] the ‘most crucial factor’ justifying liability”). Such a determination cannot, however, be appropriately decided on summary judgment where there remain factual disputes, the resolution of which will guide the Court’s conclusion as to foreseeability.
According to the Restatement (Second) of Torts, §453, comment b.:
If the facts are undisputed, it is usually the duty of the court to apply them to any rule which determines the existence or extent of the negligent actor’s liability. If, however, the negligent character of the third person’s intervening act or the reasonable foreseeability of its being done is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury.
See also Solimene v. Grauel & Co., 399 Mass. 790, 794 (1987) (“Generally, questions of causation, proximate and intervening, present issues for the jury to decide”). Whether the conduct of Gibbons Liquor Store or of *75 Mrs. Fenuccio, after her purchase at Webster Square and before her death, could have been foreseen is a question of fact that should be left to the jury. There is room for “reasonable difference of opinion as to whether such an act was negligent or foreseeable.” Restatement (Second) of Torts, §453, comment b. Those differences are the province of a trial.
ORDER
It is hereby ORDERED that defendant Webster Square Package Store’s motion for summary judgment is DENIED.