Fremont-Smith, Thayer, J.
This action arises from alleged defects in a Fleetwood Orbit 290RLS trailer recreational vehicle, which plaintiffs Paul and Cindy Zompetti purchased from defendant Rent’N Roam. In their amended complaint, the Zompettis seek, as against Fleetwood: revocation of acceptance (Count One), and damages for violation of G.L.c. 93A (Count Two), breach of warranty (Count Three), negligence (Count Four), and violation of G.L.c. 231, §85J (Count Five).
Fleetwood now moves this Court to dismiss Counts One and Four for failure to state a claim, and for summary judgment as to all counts.
DISCUSSION
COUNT ONE (REVOCATION)
In Cummings v. Auto Engineering L.P., Civil Action No. 945808, 1996 WL 1250614 (Mass.Super.Ct. March 14, 1996) [5 Mass. L. Rptr. 125], Judge Cowin, anticipating amendment to the Massachusetts Commercial Code, held that a buyer may revoke acceptance against a remote seller on the basis of the insolvency of the immediate seller. Cummings, 1996 WL 1250614, *5, citing Jacobs v. Yamaha Motor Corp., U.S.A., 420 Mass. 323, 327 n.2 (1995) (“A reasonable argument can be made that at least a consumer whose seller is insolvent should be entitled to a revocation remedy against the manufacturer of goods ... It appears that the revision of art. 2 of the UCC now being developed will give attention to the right of a buyer to revoke acceptance by giving notice to the remote seller and will state the remote seller’s obligations in such a *516 case”). This Court declines to follow that holding where the Massachusetts Commercial Code does not authorize revocation of acceptance against a remote seller on the basis of the insolvency of the immediate seller, and more than ten years have passed since Judge Cowin’s decision without any revision of the Massachusetts Commercial Code addressing revocation against a remote seller. Indeed, the lack of revision permits the inference that the General Court is not receptive to permitting a buyer to revoke against a remote seller.
Further, James J. White and Robert S. Summers state, in Uniform Commercial Code §8-4 (5th ed. 2000), that “where a distributor not in privity with the buyer has expressly warranted the goods to a remote buyer, courts have allowed the buyer to revoke acceptance against that party.” None of the courts cited for this proposition, however, are in this jurisdiction, and because the Uniform Commercial Code, as enacted here, does not authorize a buyer to revoke against a remote seller, the Court ALLOWS Fleetwood’s motion to dismiss Count One.
COUNT TWO (c. 93A)
“Generally, a breach of warranty constitutes a violation of G.L.c. 93A, §2.” Maillet v. ATF-Davidson Co., Inc., 407 Mass. 185, 193 (1990). This Court DENIES Fleetwood’s motion for summary judgment as to Count Two because Fleetwood has not affirmatively demonstrated that there is no genuine issue of material fact in that regard. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). See discussion as to Count Three infra.
COUNTTHREE (BREACH OF WARRANTY)
This Court DENIES Fleetwood’s motion for summary judgment as to Count Three because Fleetwood has neither submitted affirmative evidence negating the Zompettis’ claim that the time and location of the warranty repairs were unreasonable so as to defeat the warranty's essential purpose, nor demonstrated that the Zompettis’ evidence is insufficient to raise an issue of material fact in that regard. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). See Sosik v. Albin Marine, Inc., Civil Action No. 020539B, 16 Mass. L. Rptr. 398, 2003 WL 21500516, *5 (Worcester Super.Ct. May 28, 2003) (Fishman, J.) (denying summary judgment as to breach of warranty where, despite repairs, an issue of fact was raised as to whether the repairs failed the warranty’s essential purpose).
COUNT FOUR (NEGLIGENCE)
“In the absence of personal injury or physical damage to property, the negligent supplier of a defective product is not ordinarily liable in tort for simple economic loss.” Berish v. Bornstein, 437 Mass. 252, 267 (2002). “Economic loss includes ‘damages for inadequate value, costs of repair or replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property.’ ” Id., quoting Marcil v. John Deere Indus. Equip. Co., 9 Mass.Assp.Ct. 625, 630 n.3 (1980).
In Berish, the trial judge had dismissed the plaintiffs’ claims for negligent construction of a condominium, which failed to assert any personal injury or physical damage to property separate and apart from the alleged defects in the building itself on the ground that the economic loss doctrine barred those claims. Berish, 437 Mass. at 267, supra. The Supreme Judicial Court held that the trial judge’s dismissal was in error because it is reasonable to infer that the alleged defects and deficiencies caused property damage beyond the defects in the condominium units themselves, and therefore the plaintiffs might prove facts that would entitle them to relief. Id. at 268.
Similarly here, as in Berish, a reasonable inference exists that the frayed cables securing the pullout section of the trailer may have caused property damage beyond the defects in the trailer itself, and that the plaintiffs may be able to prove facts that would entitle them to relief. See Berish, 437 Mass. at 267-68, supra.
Although the summary judgment record appears devoid of evidence of personal injury or damage to property other than the trailer, Fleetwood has failed to cite to any Mass.R.Civ.P. 56(c) materials to prove that the Zompettis have no reasonable expectation of proving personal injury or damage to property other than the trailer. See Kourouvacilis, 410 Mass. at 711-12, supra (A party moving for summary judgment on a claim, in which the opposing party will have the burden of proof at trial, is entitled to summary judgment, if it demonstrates, by reference to materials described in Mass.R.Civ.P. 56(c), unmet by countervailing material, that the opposing party has no reasonable expectation of proving an essential element of that party’s case). Therefore, this Court DENIES Fleetwood’s motion for summary judgment as to Count Four, reserving that issue for trial.
COUNT FIVE (c. 231, §85J)
This Court ALLOWS Fleetwood’s motion for summary judgment as to Count Five because the Zompettis have admitted that Rent’N Roam, rather than Fleetwood, sold them the subject recreational vehicle. See Baybank Middlesex v. 1200 Beacon Properties, Inc., 760 F.Sup. 957, 971 (D.Mass. 1991) (Caffrey, J.) (“Under Massachusetts law it is well-settled that to be held liable under section 85J, a defendant must have actually sold ‘personal property’ within the meaning of the statute”). Nor would the Zompettis’ deposition testimony permit a reasonable fact finder to find that Rent’N Roam was acting as an agent of Fleetwood. Docket #24, pi. statement of disputed facts, Ex. 1 at 96, 110 and Ex. 2 at 53-54. See Mulvihill v. The Top-Flight Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). (“Genuine” means that the evidence would *517 permit a reasonable fact finder to resolve the point in favor of the nonmovant).
ORDER
Accordingly, after hearing and consideration of the parties’ written submissions, this Court ALLOWS Fleetwood’s motion to dismiss Count One and ALLOWS Fleetwood’s motion for summary judgment as to Count Five, but DENIES Fleetwood’s motion to dismiss Count Four and DENIES Fleetwood’s motion for summary judgment as to Counts Two through Four.