Murtagh, Thomas R., J.
Concerning plaintiffs negligence-based claims, aside from plaintiffs speculation, there is nothing in the record before the Court which would permit a fact finder to conclude the first aid services actually rendered at the scene at the time of decedent’s coronary incident were performed in a negligent manner. If plaintiff has a claim it is based on the assertion that the standard of care in 2002 required the availability of an AED and the ability to properly use it. In the context of the Court’s decision today in the consolidated case of Helen Ksypka, Executive of the Estate of Peter Plachowicz v. Malden YMCA, Civ. Action No. 03-4126, the Court seeks clarification from the parties concerning which, if any, of the individual named defendants had responsibility for or participated in deciding what emergency services were to be available at the Malden YMCA at the time of Mr. Plachowicz’s coronary event.
The claims based on lack of informed consent are not sustainable. To the extent that such claims are related to treatment at the scene, there is an emergency exception to the doctrine of informed consent. That exception means that a case provider can provide assistance without first obtaining consent when the subject is in a life-threatening situation, is unable to give consent, and there are no family members available to give consent. Shine v. Vegas, 429 Mass. 456, 467 (1999). Given Mr. Plachowicz’s condition when he was found unconscious on the floor at the Malden YMCA, it is clear that the emergency exception applied and Mr. Plachowicz’s consent was not required before providing emergency services. To the extent that lack *122 of consent claims are based upon the unavailability of an AED at the Malden YMCA, the claims fail for reasons set forth in the Court’s order in the consolidated case against the Malden YMCA.

ORDER

Judgment to enter for defendants on Counts IV, V, X, XI, XVI, XVII, XXII and XXIII.
As to the remaining Counts the Court reserves decision pending clarification from the parties. As to Count VI, XII, XVIII and XXIV Judgment is to enter for defendants but only to the extent those Counts are based upon a lack of informed consent.