Murtagh, Thomas R., J.
The plaintiff, Helen Ksypka, executrix of the estate of Peter Plachowicz, brought this action for negligence against the defendants, the Malden YMCA and certain individually-named employees and officers: Beth Cameron (Cameron), Brian J. Cox (Cox), Rosalie Esquivel (Esquivel), and Todd Filicicchia (Filicicchia). This Court issued a memorandum of decision and order on February 1, 2007 reserving decision on the individually-named defendants’ motion for summary judgment pending clarification as to which, if any of them, had responsibility for or participated in deciding what emergency services were to be available at the YMCA at the time of the decedent’s death [22 Mass. L. Rptr. 121]. For the following reasons, the individually-named defendants’ motion for summary judgment is DENIED.
BACKGROUND
The relevant undisputed facts, and the disputed facts viewed in the light most favorable to the non-moving party, are as follows.
The YMCA did not have an automatic electronic defibrillator (AED) in its facility at the time of the decedent’s death in March 2002. Prior to that date, the individually-named defendants had engaged in some level of discussion regarding whether to equip the YMCA’s facilities with AEDs.
The individual defendants’ affidavits and depositions are conflicting as to what role each played in the discussions and the decision not to purchase AEDs at that time. Cameron and Filicicchia both stated in their affidavits that they “never made any decision as to whether the Malden YMCA would ever equip or use *476 AEDs in any facility” and that they were “never authorized or empowered” to make such a decision. In her deposition, however, Cameron answered affirmatively in response to a question asking whether she and Cox reached a decision regarding AEDs and also stated that they “decided not to purchase them.” Cox stated at his deposition that Cameron and Filicicchia were both part of the discussion regarding AEDs and that Filicicchia would be the appropriate person to make the purchase decision.
Cox stated in his affidavit that as executive director he “cannot take affirmative measures without the approval of the Board of Directors.” At his deposition he admitted that he, Cameron, and Filicicchia discussed whether to purchase AEDs, but said “we just never decided that we wanted to bring them in.” He answered later questions, however, as to why they decided not to get them. Additionally, Cox stated that he made the ultimate decision when the YMCA later purchased AEDs.
Finally, Esquivel stated in her affidavit that she was asked to recommend an AED brand, but was never asked whether or not AEDs should be purchased. Cox’s deposition indicates that Esquivel might be someone he would discuss the purchase decision with and that he made the later decision (after the decedent’s death) to purchase them with Esquivel’s input.
DISCUSSION
This court shall grant summary judgment where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r. of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the opposing party must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id.
“Employees are liable for torts in which they personally participated.” Lyon v. Morphew, 424 Mass. 828, 831-32 (1997). This liability arises from the general duty that all persons must exercise reasonable care for others’ safety. Id. There must, however, be evidence that the individual employee or executive officer participated in the acts that caused the plaintiffs injury. See Addis v. Steele, 38 Mass.App.Ct. 433, 439 (1995). In Addis, the plaintiffs were injured when they jumped out of a second-floor window to escape a fire at an inn in which they were guests. Id. at 433-34. They sued the defendant-inn and two of its corporate officers for failing to provide emergency lighting and ready access to an exit. Id. The Appeals Court held that the individual corporate officers could not be held liable without any evidence that their actions led to the failure to provide emergency lighting and exit access. Id. at 439-40 (noting that there was no indication that the individual defendants knew the lighting was inadequate or that the exit door was locked).
Cameron, Cox, Filicicchia, and Esquivel argue in their motion and state in their affidavits that they did not participate in any acts that caused the decedent’s death, as they had no authority to make a decision regarding the purchase of AEDs. The plaintiff, however, has alleged specific facts that directly conflict with the individual defendants’ affidavits and suggest that they may have made or contributed to the decision not to purchase AEDs. Accordingly, as the plaintiff has established the existence of a genuine dispute of material fact regarding whether the individual defendants personally participated in the acts causing the decedent’s death, the individual defendants are not entitled to summary judgment. See Pederson, 404 Mass. at 17; Addis, 38 Mass.App.Ct. at 439.
ORDER
For the foregoing reasons, it is hereby ORDERED that individually-named defendants’ motion for summary judgment be DENIED.