EDITH PEDERSON, guardian ad litem,[1] vs. TIME, INC.,
& others.[2]

Hampden.    November 10, 1988. — January 19, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil*, Summary judgment, Statute of limitations. *Limitations,
Statute of. Incompetent Person*, Statute of limitations. *Words*, "Insanity."

With respect to tolling the statute of limitations applicable to a civil action,
   this court, construing the word "insane," appearing in G. L. c. 260,
   § 7, prior to its amendment by St. 1987, c. 522, § 19, stated that
   "insanity," for purposes of § 7, is " 'any mental condition which precludes
   the plaintiff's understanding the nature or effects of his acts' and thus
   prevents him from comprehending his legal rights." [16]
In an action by a guardian ad litem against a magazine, its publisher, a
   reporter, a photographer, and the Department of Mental Health arising
   from an article discussing the plaintiff's ward's mental illness and illus-
   trating her condition while an in-patient at Northampton State Hospital,
   the judge erred in granting summary judgment in favor of the defendants
   where there was a genuine issue of material fact as to whether the ward
   was insane so as to toll the running of the statute of limitations against
   the plaintiff's claims. [16-18]

CIVIL ACTION commenced in the Superior Court Department
on April 27, 1984.

Motions for summary judgment were heard by *William W.
Simons*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Wendy Sibbison* (*Marguerite Dolan* with her) for the guard-
ian ad litem.

*Laurie S. Gill* for Time, Inc., & others.

---

[1] For her daughter, Alice Totten.

[2] David Friend, Michael O'Brien, and the Department of Mental Health.

*Jacqueline L. Allen*, Special Assistant Attorney General, for Department of Mental Health.

NOLAN, J. A judge in the Superior Court ruled that there is no genuine issue of fact whether Edith Pederson's ward, Alice Totten, was insane so as to toll the running of the statute of limitations against her claims. The judge allowed motions for summary judgment in favor of the defendants, Time, Inc. (Time), Life Magazine (Life) reporter David Friend, photographer Michael O'Brien, and the Department of Mental Health. The guardian appealed the judgment to the Appeals Court. We transferred the case to this court on our own motion. We reverse the judgment.

The guardian filed an unverified complaint on April 27, 1984, alleging various claims against the defendants based on an article appearing in the May, 1981, issue of Life. After a partial judgment on the pleadings,[3] the remaining claims against Time, the publisher of Life, the reporter, and the photographer allege intentional violation of the State privacy statute, G. L. c. 214, § 1B (1986 ed.), and intentional infliction of emotional distress. The two remaining counts against the Department of Mental Health allege violation of the Fair Information Practices Act, G. L. c. 66A (1986 ed.).

The guardian's allegations stem from an article entitled, "Emptying the Madhouse: The Mentally Ill Have Become Our Cities' Lost Souls." The article discussed Totten's mental illness and was illustrated by a photograph of Totten tied spread-eagled to a hospital bed. Friend and O'Brien interviewed and photographed Totten on November 1 and 2, 1980, while she was an in-patient at Northampton State Hospital where she had been admitted following a violent episode. Doctors diagnosed her as schizophrenic. The Life article containing Totten's name and photograph was published on April 21, 1981, and that, all parties agree, is the latest date on which Totten's claims could have accrued.[4]

---

[3] The guardian has expressly waived appeal of the partial judgment.

[4] April 21, 1981, is the date copies of the May, 1981, issue of Life went on sale in western Massachusetts.

Each of Totten's claims has a three-year statute of limitation. Absent tolling of the period of limitations, the guardian could have seasonably commenced the action at any time up to and including April 22, 1984. She, however, did not file her complaint until April 27, 1984, thus raising the issue whether the statute of limitations should be tolled for the six-day period between April 21, 1981, the date the claims ripened,[5] and April 27, 1981, the date three years following which the guardian commenced the action. If Totten were insane from April 22 to April 27, 1981, the statute providing for the tolling of limitations periods, G. L. c. 260, § 7,[6] would apply and would make the April 27, 1984, action timely.

Neither the Legislature nor this court has defined the term "insane" as employed in § 7. There are, however, numerous cases in other jurisdictions construing similar statutes[7] and one in the Appeals Court that defines the term for purposes of § 7. *Hornig* v. *Hornig*, 6 Mass. App. Ct. 109, 111 (1978). We adopt its definition that "insanity" under § 7 is "any mental condition which precludes the plaintiff's understanding the nature or effects of his acts" and thus prevents him from comprehending his legal rights. *Id.*

The crucial question in this case is whether the issue of Totten's insanity could be properly decided in a summary judgment action or whether there existed a genuine issue of material fact for a fact finder. Rule 56 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that a judge shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions

---

[5] General Laws c. 260, § 2A (1986 ed.), and G. L. c. 214, § 3B, control the claims raised here.

[6] General Laws c. 260, § 7, provided in relevant part that, if a person is "insane . . . when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disabilty is removed." *See* St. 1987, c. 522, § 19.

[7] See, e.g., *Goewey* v. *United States*, 612 F.2d 539, 544-545 (Ct. Cl. 1979); *Dumas* v. *Agency for Child Dev. - N.Y. City Head Start*, 569 F. Supp. 831, 832 (S.D.N.Y. 1983); *Adkins* v. *Nabors Alaska Drilling, Inc.*, 609 P.2d 15, 23 (Alaska 1980).

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial. *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti*, 459 U.S. 970 (1982).[8] If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment. *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976).

Insanity is a mental state and the generally accepted rule is that the "granting of summary judgment in a case where a party's state of mind . . . constitutes an essential element of the cause of action is disfavored." *Quincy Mut. Fire Ins. Co.* v. *Abernathy*, 393 Mass. 81, 86 (1984). See *Croley* v. *Matson Navigation Co.*, 434 F.2d 73 (5th Cir. 1970). See also 10A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2730 (2d ed 1983).

The guardian raised the issue of Totten's insanity in the pleadings, and that issue is clearly relevant in this case. The defendants argue that this statement in the complaint does not raise the issue of the tolling statute with specific precision, and thus the issue is not "raised by the pleadings." This argument is incorrect. The complaint raises the issue of Totten's mental incapacity and put the defendants on notice of the theory of the plaintiff's case, and that is all that is necessary under Mass. R. Civ. P. 8, 365 Mass. 749 (1974). See 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1216, at 120-121 (1969). See also *Conley* v. *Gibson*, 355 U.S. 41,

---

[8] The guardian will have the burden at trial of proving Totten's insanity during the relevant period because in cases in which the statute of limitations is pleaded, the plaintiff has the burden of proving facts which take the case outside the impact of the statute of limitations. *Friedman* v. *Jablonski*, 371 Mass. 482, 487 (1976).

47-48 (1957); *Friedman* v. *Jablonski*, 371 Mass. 482, 488-489 (1976); *Bennett* v. *Berg*, 685 F.2d 1053, 1058 (8th Cir. 1982), cert. denied sub nom. *Prudential Ins. Co.* v. *Bennett*, 464 U.S. 1000 (1983).

Hence, the defendants had the burden of proving that there existed no genuine issue whether Totten was sane or insane at the relevant time. This they did not do. Their evidence as to the period between March and June of 1981 simply establishes that Totten performed certain functions reasonably well. First, the evidence does not specifically address the days at issue: April 21 to April 27, 1981. Second, the defendants' affidavits and documents do not show that during this six-day period Totten did not have a mental condition which precluded her understanding the nature or effect of her acts. Accordingly, the judgments of the Superior Court are reversed and this case is remanded to the Superior Court.

*Judgments reversed.*