Cowin, J.
Plaintiff seeks damages for his lost liberty, alleging that he was wrongfully deprived of good time credits when he was released from incarceration in 1987.[1] Following this release, plaintiff was incarcerated in 1992 on a different sentence. He is now serving this later sentence.
Plaintiffs claim is based on a 1992 Department of Corrections memorandum (“memorandum") issued by defendant Larry Dubois, Commissioner of Corrections (“DuBois”). The memorandum ordered that inmates who were currently (in 1992) serving sentences which they had been serving between 1982 and August 1987, should be awarded certain good conduct deductions. The claim must fail on several grounds.
First, plaintiff argues that his right to relief arises from the 1992 memorandum. This memorandum is inapplicable substantively to plaintiff. The memo, by its terms, does not apply to plaintiff, but only to persons serving the same sentence in 1992 that they were serving in 1982-1987. Plaintiff is not such a person. In 1992 he was not serving the same sentence he had been serving between 1982 and 1987.
Second, accepting, arguendo, that DuBois is liable for the alleged deprivation, he is a state actor. As such, damages may not be had against him in his official capacity. O’Malley v. Sheriff of Worcester County, 415 Mass. 532 (1993). Nor can plaintiff recover against DuBois in his individual capacity absent any allegation that DuBois personally participated in the conduct giving rise to the alleged deprivation, which in fact took place in 1987. Dubois was not the Commissioner of the Department of Corrections at the time plaintiff contends his sentence was wrongfully extended, and plaintiffs claim is not based on any act by DuBois, but rather upon a change in corrections policy which took place after plaintiff was released.
Finally, to the extent that the claim for damages could lie against DuBois, qualified immunity is a personal defense even if plaintiff could establish that he was in fact denied credits due him. In view of the considerable litigation concerning good time credits, see e.g. Scuderi v. DuBois, Civ. Act. No. 91-8495 (Middlesex Super. Ct., February 19, 1992), it cannot be said that the denial of good time credits was in violation of plaintiffs clearly established rights. O’Malley, supra. Further, as noted, there is no allegation that DuBois had any personal involvement in the alleged deprivation. Id.
Because there are no fact issues precluding summary judgment and plaintiff cannot show that he is entitled to relief on any theory, the claims must fail as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant's motion for summary judgment be ALLOWED and this action be dismissed.

 Plaintiff is now incarcerated on a different sentence.