Sherman, P.J.
This is an appeal by defendant Central Dodge, Inc. (“Central”) of the allowance of summary judgment for defendant BayBank Norfolk County Trust (“BayBank”) on BayBank’s crossclaim against Central for breach of warranties in (be assignment of a motor vehicle retail installment sale contract.
The parties’ controversy arose out of the purchase by plaintiffs Leo B. and Constance DeCaro (“the DeCaros”) of a recreational vehicle from Central. On June 26, 1990, Central and the DeCaros executed a Retail Installment Sale Agreement (“the Sale Agreement”) which was prepared by Central and signed at the DeCaros’ home in Gloucester, Massachusetts. The Sale Agreement falsely recited that it was signed in Canton (presumably, Central’s place of business).
To obtain financing for the DeCaros’ purchase, Central assigned the Sale Agreement on July 2, 1990 to BayBank pursuant to an Automobile Dealer Purchase Agreement (“Dealer Agreement”) in effect between the parties since 1986. In consideration of the assignment, BayBank paid to Central the balance owed on the Sale Agreement ($39,635.00).
The Dealer Agreement between Central and BayBank provided, in relevant part, that any automobile sale agreement
shall be assigned to [BayBank] without recourse to [Central] except for the warranties and assurances contained in the seller’s [Central’s] assignment which is appended to your usual contract forms. ...
The Assignment “warranties and assurances” and the Assignment itself appear on the reverse side of the DeCaros’ Sale Agreement. The warranties included the following:
(c) all statements of fact in such agreement, including the name and address of Buyer, are true;... (1) Seller has obtained a certificate of title or comparable document of title for and paid any required sales tax... on the motor vehicle ... and the Bank has been named as first lienholder on the certificate of title....
The Assignment further provided, with respect to remedies:
If any of the representations or warranties of the Seller in this assignment or of the Buyer in such agreement should be untrue, Seller agrees to repurchase such agreement in cash upon demand and to pay therefor the amount owing thereon plus all costs and expenses, if any, with legal *79 fees, for the enforcement of such repurchase, and to save the Bank harmless of and from any and all loss, cost, expense or damage arising directly or indirectly from such untruth.
The DeCaros never made any payment to BayBank, but instead served a notice of G.L.c. 93, §48 rescission of the Sale Agreement on both defendants on August 30,1990. The DeCaros contended that although the Sale Agreement recited that it had been executed in Canton, it had in fact been signed at their home in Gloucester and was thus subject to G.L.c. 93, §48 which provides for cancellation of consumer agreements consummated at a place other than the seller’s business office.
BayBank demanded that Central repurchase the DeCaros’ Sale Agreement pursuant to the terms of the Assignment, which demand Central refused. BayBank thereafter repossessed and sold the vehicle; and, after commencement of the DeCaros’ suit,[2] filed a crossclaim against Central for breach of assignment warranties to recover the balance owing on the Sale Agreement after vehicle sale, plus costs, attorneys’ fees and other expenses.
In support of its Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment on its crossclaim, BayBank filed affidavits, Central’s response to BayBank’s requests for admissions, Central’s answers to interrogatories and excerpts from the deposition of Central’s president. These documents contained Central’s admissions that the representation in the Sale Agreement that the Agreement was executed in Canton was false, and that Central had not paid sales tax on the vehicle in question or issued a certificate of title designating BayBank as first lienholder, all in violation of its assignment warranties.
The only opposition to BayBank’s Rule 56 motion which Central filed was the affidavit of its president who averred that BayBank had effectively waived those assignment warranties pertaining to sales tax payment and title documentation by tacitly accepting a different course of conduct by Central.
1. There was no error in the trial court’s allowance of BayBank’s Dist./ Mun. Cts. R. Civ. E, Rule 56 motion.
Summary judgment, which serves the salutary purpose of promptly disposing of cases devoid of genuine factual controversy, Correllas v. Viveiros, 410 Mass. 314, 316 (1991); Framingham Clinic, Inc. v. Zoning Board of App. of Framingham, 382 Mass. 283, 299 (1981), is ideally suited for the adjudication of matters like Bay-Bank’s crossclaim. The Rule 56 materials submitted by BayBank included not only the agreements and assignment executed by Central, which established in unequivocal terms Central’s contractual obligation on its warranties, but also Central’s several admissions of its breach of such warranties. BayBank’s submission of these materials clearly satisfied its burden, as the Rule 56 moving party, of affirmatively demonstrating that there were no genuine issues of material fact attendant to its crossclaim, and that it was entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Attorney General v. Bailey, 386 Mass. 367, 371 (1982).
BayBank’s Rule 56 materials were also sufficient to shift to Central the burden of defeating summary judgment by advancing specific facts indicative of the existence of a material issue of fact which would require a trial on the merits. Baker v. Monga, 32 Mass. App. Ct. 450, 453 (1992); Davidson v. Commonwealth, 8 Mass. App. Ct. 541, 551 (1979). It may be assumed in Central’s favor, Conley v. Massachu *80 setts Bay Transp. Auth, 405 Mass. 168, 173 (1989); Kaitz v. Foreign Motors Inc., 25 Mass. App. Ct. 198, 202 (1987), that the affidavit of its president adequately raised a material issue as to BayBank’s possible waiver of those assignment warranties pertaining to sales tax and title documentation. Waiver is customarily a question of fact. Tauro v. Fitzmaurice, 7 Mass. App. Ct. 884 (1979). Central has failed, however, to demonstrate any factual dispute as to its liability for its admitted breach of assignment warranty (c) that all statements of fact in the Sale Agreement were true. Such failure entitled BayBank to the trial court’s entry of summary judgment on its crossclaim as Central was obligated by the express terms of its assignment to repurchase the Sale Agreement and cover BayBank’s expenses if any of the warranties were breached.
Central has argued on this appeal that its false representation that the Sale Agreement was executed in Canton was “immaterial and of no consequence.” Such argument blithely overlooks the obvious and dispositive consequences of Central’s misrepresentation. Because the Sale Agreement was not executed in Canton at Central’s place of business but in Gloucester at the DeCaros’ home, the Agreement was at least arguably subject to G.L.c. 93, §48. Section 48 is a comprehensive statute which provides for the cancellation within three business days of any contract for the sale or lease of personal or household goods with a value in excess of $25.00 if such contract is consummated at a place other than the seller’s place of business. The statute mandates the inclusion in such contract of specific language informing the consumer of his cancellation rights, specifies that the three day cancellation period does not commence until all required terms are included in the contract, prohibits the assignment or transfer of the contract prior to midnight of the fifth business day after contract execution, renders a violation of its terms an automatic violation of G.L.c. 93A, §2, and imposes additional civil and criminal penalties.
The omission from the Sale Agreement of the prescribed cancellation language enabled the DeCaros to claim a statutory right of rescission on August 30, 1990, more than two months after their purchase of the vehicle from Central. As such omission and the premature assignment of the Sale Agreement at least arguably violated G.L.c. 93, §48, Central and BayBank were also exposed to liability on the DeCaros’ G.L.c. 93A claim.
Central’s misrepresentation in the Sale Agreement as to the place of contract execution deprived BayBank of the knowledge that it was purchasing an installment sales contract which violated G.L.c. 93, §48, which remained subject at all times to statutory rights of rescission and which could conceivably render Bay-Bank liable for G.L.c. 93A damages and other statutory penalties. BayBank’s ability to avoid the purchase of such sales agreements necessarily depended on the truth of the representations set forth therein and on the validity of Central’s guarantee of such truthfulness. There is no question on the record in this case that Central’s misrepresentation of the place of contract execution constituted a material breach of its assignment warranties. See generally, Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass. App. Ct. 391, 396 (1992).
The trial court’s allowance of BayBank’s Rule 56 motion is hereby affirmed. This matter is returned to the Gloucester Division for an assessment of damages and for entry of summary judgment in BayBank’s favor. So ordered.

The DeCaros instituted suit in the Superior Court seeking contract rescission pursuant to G.L.c. 93, §48 and the common law, and damages for breach of express and implied warranties, misrepresentation and G.L.c. 93A unfair and deceptive practices. After G.L.c. 231, §102C transfer of the action to the Gloucester Division, the DeCaros settled their claims with both defendants and the parties filed agreements for judgment.