McCann, J.
This action arises out of an eminent domain taking by the Commonwealth of Massachusetts (“Commonwealth”) acting through its Department of Highways. Plaintiff David R. Grenon (“Grenon”), owner of the property, and Plaintiff AK Media/MASS., N.E. 2D (19) (“Media”), owner and operator of a billboard located on Grenon’s property each brought a separate suit against the Commonwealth pursuant to G.L.c. 79, seeking compensation for the eminent domain taking. The Commonwealth filed a Motion to Consolidate which was allowed by this Court (McCann, J.) on September 18, 2000. Plaintiff Grenon now brings a Motion for Summary Judgment against Media. For the following reasons, Grenon’s Motion for Summary Judgment is DENIED.
*91 BACKGROUND
On October 17, 1996, the Commonwealth, by eminent domain, took certain property (“the Premises”) located at 215 North Main Street in Millbury, Massachusetts. The Premises was taken as part of the Route 146 highway project. The Premises consisted of an area of 78,050 square feet in size, upon which a two-story, two-family house was situated. Also situated on the Premises was a double-faced poster pane advertising billboard belonging to Media. The portion of the Premises on which the billboard was located had been continuously leased for outdoor advertising purposes since 1940 by Media and its predecessor entities, Ackerley Outdoor Advertising (“Ackerley") and John Donnelly and Sons, Inc.
At the time of the taking, “Lease 50235" between Ackerley, as lessee, and Grenon, as lessor, had been fully executed and was in effect. The agreement was for a six-year period beginning on April 1, 1996 and ending on March 31, 2002. The agreement also provided for an annual rent of $1,800.00, payable in monthly installments and stated that the agreement could be terminated upon thirty days written notice to Ackerley if Grenon decided to develop the land in a manner inconsistent with the continued presence of the advertising billboard. Grenon now moves for summary judgment as to Media’s claim against the Commonwealth on the grounds that Ackerley’s billboard was not taken by eminent domain since it is personal property and that the agreement between Grenon and Ackerley is a license and not a lease.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56 (c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
II. Standing
In this case, Grenon, a plaintiff is moving for summary judgment against Media, a consolidated plaintiff in this action. Grenon has not filed a cross-claim or claim for declaratory relief against Media. Mass.R.Civ.P. 56(a) states:
(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.
(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.
In the instant action, a Motion for Summary Judgment has been filed against a non-adverse party. This is clearly contrary to the Mass.R.Civ.P. 56(a) requirement that a Motion for Summary Judgment be filed by an adverse party. “Essentially, a [M]otion for [S]ummary [JJudgment is a means by which to ‘challenge the opposing party to put up or shut up on a critical issue.’ ” Cox v. Kentucky Dep’t. of Transp., 53 F.3d 146, 149 (6th Cir. 1995) (citations omitted). Media is not an opposing party as to Grenon. Therefore, Grenon clearly lacks standing at present to bring a summary judgment motion as to Media which is not an adverse party as to Grenon. Grenon’s Motion for Summary Judgment as to Media is therefore DENIED.
ORDER
For the foregoing reasons, plaintiff Grenon’s Motion for Summary Judgment is DENIED.