Muse, J.
The defendant, 25 Newport Corporation (“Newport Corporation”), moves for summary judgment on plaintiff Amy Storch’s (“Storch”) complaint, which alleges that the Newport Corporation negligently failed to remove an unnatural accumulation of ice and snow on the sidewalk of its property, causing a hazardous condition upon which she fell and injured her knee. For the following reasons, the Newport Corporation’s motion for summary judgment is DENIED.
BACKGROUND
Storch alleges that at 2:30 p.m. on December 31, 1997, she slipped and fell on ice and snow on the sidewalk near the entrance of 25 Newport Avenue Extension in Quincy, Massachusetts, as she returned to work at Blue Cross/Blue Shield. As set forth by undisputed evidence in the record, the accident occurred on a sidewalk abutting a covered ramp that connected directly to the main entrance of the building. The ramp was covered by a sloped awning. To access the entrance, the plaintiff had to ascend a one-step curb in front of and adjacent to the awning. Storch claims that the accident occurred when she stepped up to the entrance of the building and slipped on ice on the sidewalk that had formed from water channeled off the awning.
The ice formation was identified, and accepted for the purpose of this hearing, as being clear and was caused by the melting and freezing of water that had accumulated from a storm on the previous day. The Newport Corporation argues the ice formation was a natural accumulation because the sidewalk was not covered and was exposed to the winter elements. Under these circumstances, the Newport Corporation claims that an accident caused by the natural accumulation of snow is not an actionable defect as a matter of law. It also asserts that, even if the ice was an unnatural accumulation, it had no notice of the condition and no reasonable opportunity to correct it.
Contrary to this argument, the plaintiff claims that the ice on which she fell was an unnatural accumulation caused by the channeling of water from the awning to the sidewalk. She claims that this was a chronic condition and to “have watched snow melt off [the awning] and come down[,] and in the summer months when there was heavy rains there would be rain coming straight down.” On the day of the accident, she contends, water was dripping from the awning to the sidewalk.
DISCUSSION
The court grants summary judgment where there are no genuine issues of material fact, and the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass 419, 422 (1983), Mass.R.Civ.P. 56(c) (West 2000). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat [the] motion.” Id.
Under Massachusetts law, a property owner can be held liable for injuries sustained from falls on unnatural accumulations of ice that form from water flowing from a defective roof. See Badlassari v. Produce Terminal Realty Corp., 361 Mass 738 (1972). Based on the record, a reasonable jury could find that there was an unnatural accumulation caused by water flowing from the awning onto sidewalk and such channeling of water was a chronic condition. Id. Given this, a genuine issue of material fact exists regarding the cause of the ice formation. Therefore, the defendant’s motion must be denied.
Moreover, a reasonable jury could also find that the Newport Corporation violated its duty “not to maintain ... on or above the public way any structure or other physical condition which will collect water into a definite channel . . . and pour it on a public way.” Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). In this case, a question of fact exists as to whether the ice on which the plaintiff fell formed from water dripping off Newport Corporation’s awning onto the sidewalk.
Irrespective of whether the sidewalk is a public way, property owners “may be liable as a business invitor for injuries occurring on a common way to a patron of a lessee if the owner maintains control over the common way.” Jakobsen v. Massachusetts Port Authy., 520 F. 2d. 810, 816 (1st Cir. 1975). In this case, Storch was an employee of Blue Cross/Blue Shield, which had its offices at 25 Newport Avenue Extension, and fell on the sidewalk that the defendant controlled. Storch provided evidence, that the juiy may credit, to find that an unnatural accumulation of ice formed on a sidewalk controlled by the defendant because of water that was channeled from the awning. See Jakobsen, 520 F. 2d. at 817 (property owner found negligent for failing to remove ice from a high traffic sidewalk which the owner had invited the public to use). Given this, a genuine issue of material fact exists regarding the property owner’s notice of the condition *572 and negligence in correcting it. Therefore, the Newport Corporation is not entitled to summary judgment.
ORDER
For these reasons, it is ORDERED that the defendants’ motion for summary judgment is DENIED.