McDonald, C. Brian, J.
After the death of her daughter, Jennifer Tomaccio (“the plaintiff’) filed a complaint against Sarah Young-Xu, M.D., Norme Kanter, M.D., and Jonathan Spector, M.D. (collectively, “the defendants”), among several others, alleging negligence, gross negligence, medical malpractice, wrongful death, breach of contract, and negligent and intentional infliction of emotional distress. The defendants now move for summary judgment claiming that, at all relevant times, as medical residents they were public employees acting within the scope of their employment and are therefore inmune from personal liability pursuant to G.L.c. 258, §2. The plaintiff opposes the defendants’ motion, claiming that summary judgment is inappropriate because there is a genuine issue of material fact as to whether the defendants were in fact public employees at the time of the alleged tortious conduct. For the following reasons, the defendants’ motion for summary judgment and entry of final and separate judgment is denied.

BACKGROUND

The court summarizes the relevant facts, which are taken from the summary judgment record, in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
As a result of a merger that occurred on April 1, 1998, UMass Memorial Medical Center (“the hospital”) became a private entity. The University of Massachusetts Medical School (“the university") was a public entity prior to the merger and remained such. The university is a public employer for the purposes of G.L.c. 258, §2. McNamara v. Honeyman, 406 Mass. 43, 47-48 (1989). In connection with the merger, the hospital and the university entered into a Graduate Medical Education Agreement (“the GME”). The purpose of the GME was to address the training and supervision of university residents assigned to the hospital. The GME provides:
The University shall establish and implement personnel and institutional policies, which shall apply to all residents . . . The University shall establish the faculty supervision for the Residents . . . The [hospital] shall, for patient care and related purposes, provide immediate, direct supervision of the Residents . . . Residents shall report to the division directors. Residents, when providing services in the [hospital], shall abide by all applicable hospital policies, rules, bylaws, regulations and procedures.
On May 20, 1999, the plaintiffs twenty-five month-old daughter, Brayanna Young (“Young”), was admitted to the hospital. Young died on May 24, 1999. The defendants, as well as several others, participated in Young’s treatment at the hospital. At the time of Young’s treatment, the defendants were employed as resident physicians. Due to their status as residents, the defendants received performance evaluations from the university. They had no authority to admit patients to the hospital or to choose which patients to treat while working at the hospital.
In their depositions, the defendants acknowledged that: (1) during some clinical rotations, residents were subject to very little supervision; (2) residents often performed rounds and initial evaluations without supervision; and (3) when residents did receive supervision, it was often from senior residents as well as attending physicians.

DISCUSSION

1. Standard of Review
A motion for summary judgment should be granted where there is no genuine issue as to any material fact and the moving pariy is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles them to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17(1989). A party who does not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Com *580 munications Corp., 410 Mass. 805, 809 (1991). Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen., 386 Mass. at 370-71.
II. Public Employee Immunity Pursuant to G.L.c. 258, §2
Pursuant to G.L.c. 258, §2, a public employer is liable for injuries caused by “the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment.” An employee is considered a public employee when a public employer exercises direction and control over the employee. Williams v. Hartman, 413 Mass. 398, 400 (1992). When the employee is a physician, the court “examine[s] whether a public employer directs and controls the physician’s treatment of the patient.” Id. “Whether an individual is a public employee is a question of fact.” Id.
The defendants argue that they are entitled to summary judgment because the university, a public employer, exercised direction and control over their treatment of patients. Specifically, the defendants allege that: (1) as resident physicians at the university, they were employed by the Commonwealth, had employment contracts with the university, were paid by the Commonwealth, were enrolled in the Commonwealth’s contributory retirement program, and received health, dental, and life insurance as well as workers’ compensation and unemployment insurance through the Commonwealth; (2) they received professional liability insurance from the university; (3) the directors of the residency program controlled their hours, rotations, and vacation; (4) the GME provided that: (a) residents were employees of the university, (b) only physicians with appointments to the university faculty would participate in the training of residents, and (c) residents remained subject to the university’s policies, rules, and regulations; (5) the university required residents to attend regular educational conferences; (6) residents received performance evaluations from the university; (7) residents could not choose which patients to treat while working at the hospital; (8) residents did not have admitting privileges at the hospital; (9) residents did not treat private patients; (10) residents did not bill patients directly, nor did they receive payments from patients or their insurers; and (11) the university was responsible for the overall supervision of residents, which was exercised by the directors of the residency program.
In her opposition to the defendants’ motion, the plaintiff claims that there is a genuine issue of material fact as to whether, at the time of the alleged tortious conduct, the defendants were in fact public employees immune from personal liability pursuant to G.L.c. 258, §2. Specifically, the plaintiff claims that the university did not exercise direction and control over the defendants’ treatment of patients because, despite the defendants’ assertions that they were supervised by the directors of the residency program, the residents actually exercised a great deal of autonomy and, even when they were supervised, the supervision often was by senior residents rather than by one of the directors of the residency program.
Even if the defendants were employed by the Commonwealth, and had employment contracts with the university, this would not automatically establish that they were public employees pursuant to G.L.c. 258, §2. See Williams, 413 Mass. at 400. In addition, even if the directors of the residency program managed the residents’ hours, rotations, and vacation schedules, this also does not prove that the defendants were public employees for the purposes of G.L.c. 258, §2. See id.
Viewing the summaiy judgment record in the light most favorable to the plaintiff it cannot be determined which entity, if any, exercised direction and control over the defendants’ treatment of their patients. Portions of the record support the defendants’ argument that the university exercised direction and control over the defendants’ treatment of their patients. For example, the GME stated that the university would provide faculty to supervise residents and that residents would remain subject to the university’s policies, rules, and regulations. In addition, residents received performance evaluations from the university.
Other parts of the record suggest that the hospital exercised direction and control over the defendants’ treatment of their patients, which may indeed be the case, especially considering the general rule that residents are servants of the hospital in which they work. Kelley v. Rossi, 395 Mass. 659, 663 (1985). For instance, the GME provided that, as to patient care, the hospital would provide immediate, direct supervision of the residents. The GME also stated that residents were required to report to the directors of the hospital departments to which they were assigned and abide by the rules and procedures of the hospital. Lastly, as noted above, residents did not have admitting privileges at the hospital and could not choose which patients to treat while working at the hospital.
Still other portions of the record suggest that the defendants acted as independent contractors, exercising a great deal of autonomy in treating their patients. For example, in their depositions, the defendants indicated that they sometimes received veiy little supervision and that they often performed rounds and conducted initial evaluations without supervision.
Because there is a genuine issue of material fact as to which entity, if any, exercised direction and control over the defendants’ treatment of their patients, it cannot be determined whether or not the defendants *581 were public employees at the time of the alleged tor-tious conduct. Therefore, summary judgment is not appropriate.[4]

ORDER

It is therefore ORDERED that the Motion of Defendants, Sarah Young-Xu, M.D., Norine Kanter, M.D., and Jonathan Spector, M.D., for Summary Judgment and Entry of Final and Separate Judgment is DENIED.

As an additional reason for opposing summary judgment, the plaintiff contends that the court’s decision in Tomaccio v. Hardy, Civil No. 02-1055, 2007 WL 1630961 (Worcester Super.Ct. May 25, 2007) (Fecteau, J.), is the “law of this case.” However, given this court’s decision to deny the defendants’ motion for summary judgment, it is unnecessary to address whether the aforementioned case is indeed the “law of this case.”