Fremont-Smith, Thayer, J.
*143 Procedural History
This case has a storied history. After I dismissed plaintiffs’ G.L.c. 93A claim for lack of any alleged cognizable injury to the plaintiffs caused by Ford’s allegedly defective door handles [21 Mass. L. Rptr. 661], the Supreme Judicial Court (“SJC”) affirmed my dismissal of that and other counts of the amended complaint.[1] Iannacchino v. Ford, 451 Mass. 623 (2008). The SJC disagreed, however, with my conclusion that a cognizable injury under c. 93A had not been alleged, and held, at 630-31:
Here, as mentioned, the plaintiffs continue to own the allegedly noncompliant vehicles. Motor vehicles are inherently dangerous in operation, and safety standards play a highly significant role in relation to them. Because this is so, a claim, supported by sufficient factual allegations, that the plaintiffs own vehicles manufactured and sold by Ford as meeting required government safety standards; that the vehicle’s door handles, as Ford knew, failed to comply with NHTSA safety standards; and that the noncompliance was not properly remedied, would support a cause of action under G.L.c. 93A, §9. The Safety Act requires automobile manufacturers to certify that all new cars sold in the United States comply with Federal safely standards, 49 U.S.C. §30115(a), and to remedy any noncompliance that is later discovered, 49 U.S.C. §§ 30118-0120. Accordingly, the purchase price paid by the plaintiffs for their vehicles would entitle them to receive vehicles that complied with those safety standards or that would be recalled if they did not comply. If Ford knowingly sold noncompliant (and therefore potentially unsafe) vehicles or if Ford, after learning of noncompliance, failed to initiate a recall and to pay for the condition to be remedied, the plaintiffs would have paid for more (viz., safety regulation-compliant vehicles) than they received. Such an overpayment would represent an economic loss— measurable by the cost to bring the vehicles into compliance — for which the plaintiffs could seek redress under G.L.c. 93A, §9. (Footnote omitted.)
The SJC nevertheless affirmed the dismissal of the c. 93A count because the complaint lacked any factual basis for the allegations that the door latches were defective, as opposed to mere conclusoiy allegations. The SJC said, at 633, that:
[T]he complaint does not allege that the tested vehicles’ performance fell on the “defective” side of any legally required standard separate from FMVSS 206. The plaintiffs cannot legitimately claim that the vehicles would be defective if they failed any conceivable test; they must include allegations that would connect the vehicles’ failure on these tests to a legal requirement.
The SJC, however, ruled that plaintiffs should be permitted to file a second amended complaint if they could thereby cure the pleading defect, which they did.
When defendants then moved to dismiss the second amended complaint for failure to state a claim, I analyzed the allegations in the new complaint in detail, and concluded that, although plaintiffs’ likelihood of success on the merits might appear doubtful, plaintiffs’ allegations of even doubtful facts were sufficient to withstand the motion to dismiss. In short, I concluded that the second amended complaint “possessed enough heft to show that the pleader is entitled to relief.” Id. at 636. Accordingly, I denied the motion [21 Mass. L. Rptr. 661].[2]
Defendants have now moved under Rule 56 for summary judgment.
The Defendants’ Motion for Summary Judgment
The foundational issue to be decided is whether, on the summary judgment record, there is an issue of material fact presented as to whether Ford’s door latches on the plaintiffs’ vehicles are defective because they do not meet the relevant federal safety standard.[3]
Because the case has not been certified as a class action, for purposes of summary judgment the Court need only consider the claims of the named plaintiffs. Board of School Commissioners v. Jacobs, 420 U.S. 123, 130 (1975); see also Evans et al. v. Taco Bell Corp., 2005 WZ 33384 *4 (D.N.H. 2005) (granting summary judgment against named plaintiff in putative class action, finding “it is well-settled that, absent prejudice to the plaintiff, a court may decide a defendant’s motion for summary judgment in a putative class action before taking up the issue of class certification”).
Accordingly, the question is whether the 1997 Ford F-150 purchased by Mr. Iannacchino or the 1997 Ford F-250 purchased by Mr. Márchese, are defective because they fail to comply with the inertia load requirement of FMVSS 206 as the result of allegedly insufficient handle torque. Ford bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Ford may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
At the hearing on this motion, the parties did not dispute that, when plaintiffs’ own experts tested the door latches of the automobiles of the two remaining individual plaintiffs, they were found to comply with FMVSS 206. See, e.g. deposition of plaintiffs’ expert Bill Williams, tr. 21-26 (the Márchese vehicle complied with FMVSS 206 using the G.M. test methodology which he agreed was an approved method) (tr. 6); *144 deposition of plaintiffs’ expert Jason Young, tr. 52, 58, 63.
Plaintiffs complain that Ford used the wrong test method or improperly implemented the G.M. test method that it did use. But, while there is a federal requirement for car manufacturers to certify compliance with federal standards, even if there were proof that Ford failed properly to do so, it would not prove that the latches were defective. While plaintiffs’ experts express their belief that a proper test, properly conducted, would indicate a defect, they have not identified a single vehicle in Massachusetts which, when tested, failed to meet the criteria of the federal standard.
It is not Ford’s burden to prove that the latches comply with FMVSS 206, but it is plaintiffs’ burden to prove that they do not, i.e., to prove they are defective. Iannacchino, at 633, 635. The summary judgment record, however, contains no evidence to show that the plaintiffs have a reasonable expectation of proving this essential element of their case at trial.[4]
ORDER FOR JUDGMENT
Accordingly, defendants’ motion for summary judgment is ALLOWED and final judgment shall be entered for the defendants.

 Counts II, III and V.

 Memorandum and Order of Defendants' Motion to Dismiss Second Amended Complaint (docket #40).

 FMVSS 206 is the relevant safety standard that regulates the performance of door latch systems on motor vehicles manufactured for sale in the United States.

 This Court thus reaches the same conclusion as have other courts around the country in cases raising the same issue.