Wrenn, Daniel M., J.
The plaintiff Bank of America in the above-entitled matter has brought a complaint seeking a judicial declaration that the mortgage held by the plaintiff which mortgage is held as successor by merger to LaSalle Bank National Association is a valid perfected security interest and that the notary acknowledgment is not a material defect.
The parties have entered into a statement of undisputed facts and based on that statement of undisputed facts the plaintiff, pursuant to Mass.R.Civ.P. 56, has moved for summary judgment. The defendants as mortgagors oppose the plaintiffs motion for summary *402 judgment and based on their written opposition as well as the same statement of undisputed facts and attached exhibits, move for a judgment in their favor as a matter of law.
The defendants on July 26, 2006 executed a note in the amount of $276,250. The note was secured by a mortgage of the same date which mortgage was executed and recorded with the Worcester County Registiy of Deeds at Book 39483, Page 93. The defendants admit that they personally appeared before the notary public, signed the mortgage in her presence and that the signatures on the mortgage which is the subject document of this litigation are true and valid signatures.
In regard to the acknowledgment section of the mortgage, it is stipulated that the notary public who notarized the signatures of the defendants handwrote her name on the line for notary public and handwrote in that a license was provided by the defendants to validate their identity and also handwrote in the date that the notary’s commission expired that date being October 22, 2006. In addition it is further stipulated that the notary did not print her name underneath her written signature and further did not stamp the mortgage with her notary stamp.
The plaintiff has taken the position in this lawsuit that these two defects in the notarization namely the failure of the notary to print her name under her signature and her failure to use a notary stamp while defects are not material defects and therefore the security interest is a valid perfected security interest. Conversely, the defendants take the position that in fact the defects by the notary in the acknowledgment are material defects such that the Registrar of Deeds should not and could not accept the mortgage for filing.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Dupont v. Commissioner of Corrections, 448 Mass. 389 [2007]. It is the moving party’s burden to affirmatively demonstrate the absence of a triable issue and that the summary judgment record entitles him to a judgment as a matter of law. Peterson v. Time, Inc., 404 Mass. 14 [1989]. When reviewing a summary judgment record, the court must credit well pled facts in the light most favorable to the nonmoving party. However, mere assertions of inferences raise no genuine issues of material fact so to as to defeat a motion for summary judgment. Federal Deposit Insurance Corporation v. Csongor, 391 Mass. 737 [1984].
In the present case the requirement that the notary print her name below her signature is a requirement ofM.G.L. ate. 222, §8.
Specifically M.G.L.c. 222, §8 states “a justice of the peace or notary public when taking acknowledgment of any instrument provided by law to be recorded shall print or type his name directly below his signature and affix thereto the date of the expiration of this commission in the following language: ‘my commission expires.’ Failure to comply with this section shall not affect the validity of any instrument or the record thereof.” Accordingly, by the very terms of the statute the failure of the notary- to print or type her name directly below her signature does not affect the validity of the instrument in this case the mortgage nor the recording thereof that is the acceptance of the mortgage by the Registrar of Deeds for Worcester County.
Further, since the defendants acknowledge and affirm that the signatures on the subject mortgage are true signatures there is no legal basis or impediment to invalidate the subject mortgage.
Based on the above court findings and analysis I find that the failure of the notary to affix her stamp to the instrument and the failure of the notary to print her name under her signature in the acknowledgment section of the document pursuant to M.G.L.c. 222, §8, are not material defects that affect the validity of the security interest.
CONCLUSION
Based on the above court findings and analysis the plaintiffs motion for summary judgment is ALLOWED and judgment shall enter in favor of the plaintiff declaring that the mortgage is a valid perfected security interest and that the notary acknowledgment is not a material defect.