NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-731

MARIE Y. WINFIELD

vs.

CHAYA BHUVANESWAREN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court judge granted in part the defendants'

motion for summary judgment and denied the plaintiff's cross

motion for summary judgment, as well as the plaintiff's motion

seeking relief for spoliation.  Both sides filed motions for

reconsideration of the summary judgment decision, and the judge

denied the plaintiff's motion but allowed the defendants'

motion, thereby granting summary judgment on all the plaintiff's

claims for medical and psychiatric malpractice, discrimination,

false arrest and imprisonment, violation of the Civil Rights Act

---

[1] Chitra Malur, Diego Martinucci Canto, Matthew Rhee, Suneer Chander, David E. Ricklan, Olatola Lyi-Ojo, Mark Pearlmutter, St. Elizabeth's Medical of Boston, Inc., Steward Health Care System LLC, and Minda Lin.

and Massachusetts Declaration of Rights, patient abuse, supervisory liability, vicarious liability, corporate negligence, and negligent infliction of emotional distress. The plaintiff appealed from the summary judgment. We affirm.

Background. The plaintiff's civil suit stems from two involuntary psychiatric admissions in June and October 2018, pursuant to G. L. c. 123, § 12, subsequent to her being seen at St. Elizabeth's Medical Center emergency room for complaints of hip, lower back, and leg pain. The undisputed facts, or facts to which the plaintiff conceded at her hearing in the Superior Court, are as follows. The plaintiff has a history of chronic back pain. At the emergency room, she presented irritable and manic, with pressured speech and a meandering story, and disheveled with evidence of poor self-care. She expressed "paranoid ideation" against the police and the hospital staff and "grandiose delusions" of having metaphysical powers. The plaintiff displayed no insight into her mental state, and she continued to roll her wheelchair out of her room despite numerous requests from staff to remain in her room. The doctors concluded that the plaintiff was at a very substantial risk of physical impairment or injury to herself because she was unable to protect herself in the community and that the reasonable provision of her protection was not available in the community.

2

The hospital notified the Committee for Public Counsel Services (CPCS) of the plaintiff's commitment by leaving a voicemail on October 6, 2018.

Discussion. 1. Standard. Summary judgment is appropriate if, "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). "If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment." Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).

2. Immunity. Because the judge resolved many of the plaintiff's claims on immunity grounds, we address those claims first. A defendant physician has immunity pursuant to G. L. c. 123, § 22, "if [the physician] acted pursuant to the provisions of G. L. c. 123 in advising that the plaintiff be temporarily committed." Temple v. Marlborough Div. of the Dist. Ct. Dep't, 395 Mass. 117, 132 (1985). As relevant here, G. L. c. 123, § 12 (a), which "governs the emergency restraint, evaluation, care, and hospitalization of persons posing a risk

3

of serious harm due to mental illness," Massachusetts Gen. Hosp.

v. C.R., 484 Mass. 472, 477 (2020), states that

> "[a] physician . . . who, after examining a person, has reason to believe that failure to hospitalize such person would create a likelihood of serious harm by reason of mental illness may . . . authorize the restraint of such person and apply for the hospitalization of such person for a 3-day period at a public facility."  G. L. c. 123, § 12 (a).

Here, the judge found that, based on the evidence submitted, including the affidavits submitted by the plaintiff in opposition to the motion for summary judgment, there was no dispute of material fact that the defendant doctors[2] acted in accordance with G. L. c. 123.

The physicians who examined the plaintiff opined that there was a "[v]ery substantial risk of physical impairment or injury" to herself, that she "[was] unable to protect [herself] in the community," and that "the reasonable provision of [her] protection [was] not available in the community."  The plaintiff was informed of her right to proceed via voluntary admission,

---

[2] Specifically, in the judge's July 2022 order, she granted summary judgment to doctor defendants Martinucci Canto, Rhee, Chander, and Lyi-Ojo, finding that they were statutorily immune from all the plaintiff's claims.  In her March 2023 order, the judge granted summary judgment to doctor defendants Bhuvaneswaren, Malur, and Lin, finding that they were also statutorily immune from plaintiff's claims.

Furthermore, the judge properly concluded that defendants Ricklan and Pearlmutter had no role in the care provided to the plaintiff, and we find no error in her conclusions.

4

she was held less than three business days,[3] and there is no indication that she asked for CPCS to be contacted or that she sought an emergency hearing.  We conclude that the judge did not err in finding that the defendant physicians who examined the plaintiff were entitled to statutory immunity.[4]

As an alternative to the immunity grounds, the defendants raised a variety of other arguments in favor of summary judgment, most of which we address below.

3.  <u>Discrimination and spoliation claims</u>.  The plaintiff provided no support for her claims of discrimination, nor did she present evidence of spoliation.  The plaintiff's request to the motion judge to infer discriminatory animus because there could be no other reason for her treatment by the defendants is unavailing.  Such an inference in the absence of any evidence of

---

[3] The three-day period described in G. L. c. 123, § 12 (a), refers to business days.  See <u>Pembroke Hosp</u>. v. <u>D.L.</u>, 482 Mass. 346, 348 (2019).  See also Mass. R. Civ. P. 6 (a), 365 Mass. 747 (1974) (business days do not include Saturdays, Sundays, or legal holidays); G. L. c. 4, § 7 (defining second Monday in October as legal holiday).

The record shows that the plaintiff was approved for admission on Friday, October 5, 2018, and was discharged on Thursday, October 11, 2018.  We take judicial notice that Monday, October 8, 2018, as the second Monday in October, was a legal holiday, and as such, the first business day that the plaintiff was held was Tuesday, October 9, 2018.

[4] Accordingly, the judge granted summary judgment in favor of defendants St. Elizabeth's Medical of Boston, Inc., and Steward Health Care System LLC, finding that they were not vicariously liable.

5

discrimination is insufficient to survive summary judgment.  See

Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 39-40 (2005)

(considering whether sufficient indirect or circumstantial

evidence was set forth to survive summary judgment).

Further, without evidence that any records were

"negligently or intentionally lost or destroyed," a spoliation

claim cannot be supported.  Keene v. Brigham & Women's Hosp.,

Inc., 439 Mass. 223, 234 (2003).  The plaintiff put forth

evidence that certain records were misdated.  Reviewing in a

light most favorable to the plaintiff, the judge found that any

misdated records, albeit disputed, were not a result of

spoliation.  We see no error in the judge's conclusions as to

the discrimination and spoliation claims.

4.  Medical malpractice claim.  In support of her claims

for medical and psychiatric malpractice, the plaintiff chose to

not provide a psychiatric or emergency medicine expert, stating

that this was "not an 'expert' matter" and that the factual

circumstances of this case were "self-evident."

To prevail in a medical malpractice claim, "a plaintiff

must establish the applicable standard of care and demonstrate

both that a defendant physician breached that standard, and that

this breach caused the patient's harm."  Palandjian v. Foster,

446 Mass. 100, 104 (2006).  "Establishing the applicable

standard of care typically requires expert testimony," id. at 105-106, especially where, as here, the standard of care of physicians diagnosing mental illness and making determinations regarding involuntary commitments is beyond common knowledge. See Commonwealth v. Miranda, 441 Mass. 783, 794 (2004) (expert testimony helpful where subject is beyond common knowledge of average juror). Without such an expert, it was appropriate for the judge to grant the defendants' summary judgment motion on the medical and psychiatric malpractice claims.

5. Motion to reconsider. Finally, the plaintiff argues that the judge abused her discretion by not granting her motion to reconsider. We review the decision whether to grant a motion to reconsider for an abuse of discretion. See Kauders v. Uber Techs., Inc., 486 Mass. 557, 568 (2021). A judge has no obligation to reconsider an issue or question of law unless there has been a "material change in circumstances." Littles v. Commissioner of Correction, 444 Mass. 871, 878 (2005).

In the motion for reconsideration, the plaintiff raised no new issues that were responsive to the motion for summary judgment previously allowed, nor did she present evidence or an argument that could not have been presented previously.[5] See

---

[5] To the extent that the plaintiff takes issue with the judge's ruling on the motion for reconsideration regarding the

7

Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 278

(2020).  Thus, the judge did not abuse her discretion in denying

the motion for reconsideration.[6]

Judgment affirmed.

By the Court (Rubin,
  D'Angelo & Smyth, JJ.[7]),

*Paul Little*

Clerk

Entered:   February 21, 2025.

---

hospital's communication with CPCS, we find that the plaintiff
did not adequately raise this issue in her brief such that it
rises to the level of appellate advocacy required under Mass.
R. A. P. 16, as appearing in 481 Mass. 1628 (2019).

  [6] In her appeal, the plaintiff appears to question the
constitutionality of G. L. c. 123, § 12.  This issue was not
raised in the lower court and therefore is waived on appeal.
See Petition of Dep't of Social Servs. to Dispense with Consent
to Adoption, 392 Mass. 696, 697 (1984) ("As a general practice
we do not consider issues, particularly constitutional
questions, raised for the first time in this court").  Even were
we to consider the plaintiff's argument, we find it
unpersuasive.

  [7] The panelists are listed in order of seniority.