NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1437

IN THE MATTER OF THE ESTATE OF PAULINE S. CASSIDY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Bank of America, N.A. (bank), which was nominated by Pauline S. Cassidy (decedent) to serve as the personal representative of her estate, filed a petition for order of complete settlement of the estate, a first and final account, and an inventory of the of personal representative in the Probate and Family Court.  John O'Reilly, the decedent's nephew, filed an affidavit of objections.  The bank moved for summary judgment, and following a hearing, a judge of the Probate and Family Court granted the bank's motion.  O'Reilly appeals.  We affirm.

Background.  In January 2018, the decedent executed a last will and testament, devising all of her property to the Pauline S. Cassidy 2018 Trust, which was executed simultaneously with her will.  The will did not name O'Reilly.

The decedent died on May 22, 2019. She had no children, surviving parents, or siblings. O'Reilly is the decedent's sole surviving heir at law. On September 26, 2019, the bank filed a petition for formal probate seeking to probate the will and to appoint the bank as personal representative of the decedent's estate. On October 4, 2019, O'Reilly filed an objection to the probate of the will and the appointment of the bank as the personal representative.

In May 2020, O'Reilly commenced a lawsuit in the Probate and Family Court seeking to invalidate the decedent's trust. Ultimately, the bank and O'Reilly reached an agreement in that case in April 2021, which resulted in a settlement agreement. The settlement agreement included a detailed provision through which O'Reilly released the bank from any and all claims related to the decedent and her estate and trust.[1]

In September 2021, in accordance with the settlement agreement, O'Reilly and the bank filed a stipulation for withdrawal of appearance and objections. O'Reilly withdrew his objection to the probating of the will and the appointment of the bank as personal representative of the estate.

---

[1] The settlement agreement was impounded by a Probate and Family Court judge and for this reason we do not quote the language of the release, which in any event is well known to the parties.

2

On January 27, 2023, the bank filed the petition for order of complete settlement, the first and final account, and the inventory of the personal representative. In his affidavit of objections, O'Reilly requested that the judge require the production of the estate's financial statements from the past five years.[2] The bank filed a motion for summary judgment, contending that O'Reilly's claims were encompassed by the settlement agreement.

On August 22, 2023, when O'Reilly did not attend a hearing on a separate motion, the judge[3] called him, informing him that the bank's motion for summary judgment would be heard on September 19, 2023, and confirming that three weeks would be enough time for O'Reilly to serve an opposition.

The following day, August 23, 2023, the bank served its motion for summary judgment and related materials on O'Reilly via first class mail. Since O'Reilly did not serve an

---

[2] O'Reilly believed the decedent was a millionaire and that her estate was worth upwards of $4 million. However, in May 2023, when O'Reilly received the petition for complete settlement stating that the inventory value of the decedent's investment account was one dollar, he believed that the settlement agreement had been breached. Consequently, he requested the financial statements.

[3] The judge in the unrelated motion hearing was the same judge as in the matter at issue.

opposition on the bank prior to September 13, 2023,[4] the bank filed its summary judgment materials, along with an affidavit of compliance and receipt of no opposition pursuant to Rule 27C of the Supplemental Rules of the Probate and Family Court (2012), on September 18, 2023.  O'Reilly appeared at the summary judgment hearing on September 19, 2023, and filed a memorandum in opposition.

On September 28, 2023, the judge granted the bank's motion for summary judgment, reasoning that O'Reilly's opposition was untimely and that the assertions in his affidavit of objections fell within the scope of the enforceable 2021 settlement agreement.  This appeal followed.

Discussion.  Summary judgment is appropriate if, "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law."  Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  "If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts

---

[4] In accordance with Rule 27C(b)(2) of the Supplemental Rules of the Probate Court, an opposition to the motion for summary judgment shall be served within twenty-one days after service of the motion.  Here, twenty-one days from August 23, 2023, would have been September 13, 2023.

4

which would establish the existence of a genuine of material fact in order to defeat a motion for summary judgment." Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Our review of a judge's grant of summary judgment is de novo. See Kiribati Seafood Co., LLC v. Dechert LLP, 478 Mass. 111, 116 (2017).

On appeal, O'Reilly claims that the judge erred by granting summary judgment in the bank's favor, asserting that there are genuine issues of material fact in dispute. Specifically, O'Reilly asserts that the judge did not consider whether the settlement agreement between the bank and O'Reilly had been breached.[5] In his affidavit of objections, O'Reilly's main contention is that a breach of the settlement agreement occurred because the bank listed the decedent's stock amount as one dollar when he believed it had a much larger value.

"A settlement agreement is a contract and its enforceability is determined by applying general contract law." Duff v. McKay, 89 Mass. App. Ct. 538, 541 (2016), quoting Sparrow v. Demonico, 461 Mass. 322, 327 (2012). "An enforceable agreement requires (1) terms sufficiently complete and definite,

---

[5] O'Reilly also asserts that the judge erred by not accepting his September 19, 2023 memorandum in opposition to the bank's motion for summary judgment. Although the judge would have been well within her discretion to completely disregard O'Reilly's assertions because of the late filing, see Rule 27C(b)(2) of the Supplemental Rules of the Probate Court, she seems to have considered his assertions. Thus, we do as well.

and (2) a present intent of the parties at the time of formation to be bound by those terms."  Duff, supra at 543, quoting Targus Group Int'l, Inc. v. Sherman, 76 Mass. App. Ct. 421, 428 (2010). "A party to a contract generally is relieved of his obligations under that contract only when the other party has committed a material breach, that is, a breach of an essential and inducing feature of the contract" (quotations and citations omitted). Duff, supra at 547.

Turning to O'Reilly's assertion that the bank breached the settlement agreement, the judge correctly concluded that O'Reilly released the bank from any claims related to matters regarding the petition and the decedent's estate when he signed the settlement agreement.  In O'Reilly's affidavit of objections and opposition, he made broad allegations concerning why he thought the decedent's investment account was worth significantly more than one dollar.  For example, O'Reilly relied on conversations with the decedent, who told him that she was a "rich woman" and a millionaire.  He also asserted that the decedent claimed her account "was in excess of [four] million dollars."  In other words, his allegations fell within the topics of the decedent and her estate -- topics that O'Reilly explicitly released the bank from in the settlement agreement. As such, O'Reilly's assertions made in his affidavit of objections and opposition to the motion for summary judgment all

fell within the scope of the settlement agreement and have no bearing on whether the settlement agreement had been breached in any way.

The motion for summary judgment was properly allowed.

<u>Decree and order for complete settlement affirmed</u>.

By the Court (Rubin, D'Angelo & Smyth, JJ.[6]),

*Paul Little*

Clerk

Entered: February 24, 2025.

---

[6] The panelists are listed in order of seniority.