Agnes, Peter W., J.
Dean C. Soderstrom, as executor of the estate of Margaret Soderstrom, has filed a complaint against Beaumont Nursing Home, Inc., (“Beaumont”) and its agents, claiming Ms. Soderstrom suffered fatal injuries when nursing staff negligently caused her to fall out of her wheelchair. Beaumont now ■ moves for summary judgment on Counts XI and XII, which allege G.L.c. 93A violations and resultant damages for conscious pain and suffering and wrongful death. After consideration and for the reasons set forth below, Beaumont’s motion for partial summary judgment is DENIED.

BACKGROUND

The court summarizes the relevant facts, which are taken from the summary judgment record, in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
Beaumont is a Massachusetts corporation that operates a rehabilitation and nursing center in Northbridge, Massachusetts. In 2002, Margaret Soderstrom, then eighty-four years old, resided at an assisted-living facility affiliated with Beaumont. On April 9, 2002, Ms. Soderstrom suffered injuries when she fell from her wheelchair while being transported within the facility by a Beaumont employee. She was admitted to the emergency room of a nearby hospital the same day, transferred to Boston Medical Center, and released on April 12, 2002. Five days after her release, Ms. Soderstrom died. According to the death certificate, the immediate causes of death were respiratoiy failure, pneumonia, and interstitial lung disease. The examining physician also noted that cervical spine fracture, hip fracture, osteoporosis, coronary artery disease, and blindness contributed to Ms. Soderstrom’s death.
Soderstrom has alleged that Beaumont committed chapter 93A violations by failing to: (1) maintain a comprehensive care plan and keep clinical records pursuant to federal Health Care Financing Administration (HCFA) regulations: (2) provide sufficient nursing staff pursuant to state and federal nursing home regulations; and (3) provide “the necessary care and services . . . for the highest practical . . . well-being" pursuant to HCFA requirements.

DISCUSSION

I. Summary Judgment Standard
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively showing that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 716. Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).

II. Analysis

Chapter 93A prohibits “unfair or deceptive acts or practices in the conduct of any trade or commerce.” G.L.c. 93A, §2; see also Lowell Gas Co. v. Attorney General 377 Mass. 37, 50 (1979). G.L.c. 93A, §2(c) vests the attorney general with the authority to make rules and regulations interpreting the scope of the section’s prohibition of unfair or deceptive practices. Pursuant to that authority, the attorney general promulgated 940 C.M.R. §4.02(1), which includes in the scope of unfair or deceptive practices a long-term care facility’s failure to comply with state or federal statutes, rules, or regulations that provide protection to its residents.
In general, chapter 93A is a far-reaching instrument for consumer protection that gives the attorney general broad discretion to interpret “the concept of ‘unfairness’ as it has evolved through judicial interpretation.” See American Shooting Sports Council v. Attorney Gen. 429 Mass. 871, 878, n.11 (1999) (citing regulations the attorney general has promulgated under G.L.c. 93A, *13 §2, including 940 C.M.R. §4.00, which encompasses long-term care facilities). The Supreme Judicial Court has noted that “the Attorney General’s power continues to exist unless the promulgated regulations conflict with the legislative scheme, or the area is one as to which the Legislature has expressly or implicitly covered the field in a way which precludes further remediation by regulation under G.L.c. 93A.” Darviris v. Petros, 442 Mass. 274, 282 (2004), quoting American Shooting, 429 Mass. at 881. The attorney general also cannot regulate in areas where regulation is proscribed by judicial decision. G.L.c. 93A, §3; see also American Shooting, 429 Mass. at 876.
Beaumont claims that, even if it negligently contributed to Ms. Soderstrom’s death, chapter 93A does not apply to causes of action involving negligent medical care because the Supreme Judicial Court has held that the state legislature intended to preempt the field of medical malpractice with a comprehensive statutory scheme. In support of its position, Beaumont relies on Darviris, which counsels, “Negligent delivery of medical care, without more, does not qualify for redress under our consumer protection statute, G.L.c. 93A.” 442 Mass. at 278. Though the Court held that chapter 93A does not apply to cases involving purely medical malpractice, it left open the possibility that chapter 93A “may be applied to the entrepreneurial and business aspects of providing medical services.” Id. at 283.
In light of the legislature’s inclusion of “nursing homes” in its medical malpractice scheme, see G.L.c. 231, §60B, it is true that Darviris would preclude a chapter 93A action against Beaumont if Soderstrom’s claims were based solely on the “negligent delivery of medical care, without more.” Darviris, 442 Mass. at 278. However, unlike Darviris, Soderstrom’s case is not based solely on a medical malpractice daim. Soderstrom also alleges violations of state and federal regulations related to staffing requirements at nursing homes, and claims that Beaumont’s corporate practice of understaffing its facilities to cut costs contributed to Margaret Soderstrom’s death. Further, he claims that Beaumont misrepresented the qualify of care at its fadlities in order to maximize profits at the expense of its patrons. These allegations concern the “entrepreneurial and business aspects of providing medical services” which have not been subsumed by the medical malpractice act. See id. at 279. Therefore, this court finds that the rule in Darviris does not apply to the present action, and that the attorney general’s regulation of long-term care facilities is in keeping with the spirit of chapter 934’s broad consumer protection mandate. Because Darviris does not foreclose Soderstrom’s chapter 93A claims, there is a genuine issue of material fact as to whether Beaumont engaged in the alleged unfair or deceptive practices.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for partial summary judgment is DENIED.