Curran, Dennis J., J.
On February 1, 2014, a seven-alarm fire caused catastrophic damage to a seven-story condominium complex with thirty-one commercial and residential units at 31 Massachusetts Avenue in Boston. The plaintiffs, who own apartments within the complex, allege that defendant Anthony Siracusa started that fire. A Boston Fire Department investigation allegedly determined that the fire originated in Mr. Siracusa’s condo after he left a smoldering marijuana glass pipe next to an open window, newspaper clippings and a cloth couch.
With this lawsuit, the condominium owners seek compensation for their respective losses, including damages for emotional distress.
The defendant now moves for summary judgment on all claims against him. The plaintiffs oppose that motion and have filed a cross motion for costs. For the reasons set forth below, Mr. Siracusa’s motion is ALLOWED and DENIED in part. Further, the cross motion for costs is DENIED.
DISCUSSION
I. The Defendant’s Motion for Summary Judgment—Negligence Claims
Summary judgment is appropriate only when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). In making this determination, the Court reviews the record in the light most favorable to the nonmoving party without weighing evidence, assessing credibility, or finding facts. Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982). As the moving party, Mr. Siracusa must show there are no triable issues of fact, and that all legal issues resolve in his favor. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). He has not met that burden.
The essence of the defendant’s argument is that the plaintiffs, as individual unit owners, were either required or strongly encouraged to buy insurance against personal property damage and other losses and that such insurance, had it been obtained, would have waived subrogation rights against co-tenants of the condominium complex. Specifically, he points to the Insurance Resolution (paragraph 6), which states:
Each Unit Owner is solely responsible to obtain his or her own insurance coverage in appropriate kinds and amounts to insure his or her unit, personal effects and contents, unit improvements and coverage for the Condominium Trust’s deductible as well as insuring for liability and all such other coverages which said Unit Owner desires.
The defendant interprets this passage to indicate that each unit owner was required to individually insure their unit. He reads it in combination with section 5.13 of the condominium trust agreement, which provides that any insurance obtained by unit owners must waive the right of subrogation against “[u]nit [o]wners.”
Massachusetts courts interpret unambiguous contracts according to their plain meaning, with terms construed in their usual and ordinary sense. Southern Union Co. v. Department of Pub. Utils., 458 Mass. 812, 820-21 (2011). Mr. Siracusa is correct to the extent that a plain reading of the Insurance Resolution is a message to all unit owners that if they do not insure their personal property and other potential individual losses related to their own unit, they do so at their own peril. However, this interpretation does not foreclose the plaintiffs’ claims as a matter of law. Though they took a risk in not obtaining insurance, they are nonetheless still able to pursue compensation from the defendant for their financial losses caused by his alleged negligence.
There is no basis to conclude that the requirement to waive subrogation if insurance is procured necessarily precludes unit owners from suing each other if individual losses are incurred, but not covered by insurance. No language in the Insurance Resolution, the condominium trust agreement, or in G.L.c. 183A (the Massachusetts law governing condominium arrangements) indicates otherwise. The defendant likewise cannot point to any Massachusetts appellate decision that disallows condominium unit owners from suing each other in the particular circumstances presented here. For this reason, Mr. Siracusa has not shown an entitlement to relief as a matter of law.
Further, the defendant has moved to limit the type and extent of damages recoverable by the plaintiffs if liability is determined against him. This request is premature. Such analyses are better conducted after evidence has been presented at trial and liability *236 assessed against the defendant. Thus, the Court presently declines to entertain that portion of the defendant’s arguments.
II. The Defendant’s Motion for Summary Judgment—Emotional Distress and Related Claims
One purpose of summary judgment is to avoid the expense and delay of further proceedings by the filing of claims that lack supporting evidence to an early conclusion. Correllas v. Viveiros, 410 Mass. 314, 316 (1991). Mr. Siracusa argues that the plaintiffs have put forth no evidence supporting their claims as to emotional distress. In the face of such assertions, the plaintiffs cannot rest on mere allegations in their pleadings. Id. at 317 (“Of course, when a motion for summary judgment is made and properly supported, the non-moving party may not simply rest on pleadings, but his response .. . must set forth specific facts showing that there is a genuine issue for trial”).
After reviewing the summary judgment record, the Court finds no evidentiary bases supporting the plaintiffs’ claims to emotional damages. See Kourouvacilis, 410 Mass. at 714. Thus, summary judgment shall enter for the defendant on those particular counts within the complaints. See Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 135 (1997) (summary judgment proper where plaintiff has no reasonable expectation of proving claim at trial).
III. The Plaintiffs’ Cross Motion for Costs
The plaintiffs argue that the defendant’s motion for summary judgment was frivolous and triggers their right to attorneys fees and costs. The Court disagrees. Mr. Siracusa’s motion was not unsubstantiated, frivolous, or demonstrative of bad faith to the level requiring discipline under G.L.c. 231, §6F. Compare Fronk v. Fowler, 456 Mass. 317, 329 (2010) (discussing appropriate cost award where litigation has no “color-able basis in law”). Accordingly, no costs are awarded.
ORDER
For the foregoing reasons, the Court hereby ORDERS that:
1. the defendant Anthony Siracusa’s motion for summary judgment on Count I of plaintiffs Dan Koch and Christina Montalvo’s Fifth Amended Complaint be DENIED, except as to any claim for damages relating to emotional distress;
2. the defendant Anthony Siracusa’s motion for summary judgment on Count I of plaintiffs David Romano et al.’s First Amended Complaint be DENIED;
3. the defendant Anthony Siracusa’s motion for summary judgment on Count II of plaintiffs David Romano et al’s First Amended Complaint be ALLOWED; and
4. the plaintiffs’ cross motion for attorneys fees and costs be DENIED.