Feeley, Timothy Q., J.
BACKGROUND
Plaintiff Paul O. Penachio (“Penachio”) commenced this action on March 5, 2014. He is a former firefighter for the defendant Town of Saugus (“Saugus” or the “town”). Defendant Scott Crabtree (“Crabtree” and collectively with Saugus, the “defendants”) is the Town Manager for Saugus. On February 13, 2014, Penachio in writing resigned his positions as a firefighter and Emergency Management Director for Saugus. He did so due to a letter provided anonymously to the Saugus Fire Chief (and perhaps others) and then shown to Penachio that accused Penachio of a litany of sexual misconduct on town property and while on duty as a firefighter, and threatened to make the allegations public unless Penachio resigned for his town positions. Several days later, after a short, previously planned vacation, Penachio sought to rescind his resignations. The town refused to rehire/reinstate Penachio, and this litigation commenced. The complaint asked for a declaration restoring Penachio to his positions as a firefighter and Emergency Management Director for the town, plus retroactive compensation and benefits.[1] Significantly the complaint made no allegation as to the source of the anonymous letter, and failed to even suggest that the town, Crabtree, or any other town official had anything to do with the anonymous letter.
*441 Penachio also quickly sought a preliminary injunction from the court, prohibiting the town from cancel-ling or otherwise interfering with his group family health insurance coverage. [D. 5.] After a non-eviden-tiaiy hearing the court (Feeley, J.) denied the motion for preliminary injunction with the following analysis:
The dispositive issue for the court is Penachio’s inability to show a likelihood of success on the merits of his claim. Given no allegations in the complaint (or at the hearing) attributing the anonymous letter to the Town, the court fails to see a justiciable cause of action asserted by Penachio. Underlying a declaratory judgment action, there must be an actual controversy that has arisen, some legal right or relation within the jurisdiction of the court that can be enforced by court judgment. G.L.c. 231A, §§1, 2. Although fraud, threats, and/or duress may be a ground to order rescission of a resignation of a public employee (as Penachio argues), Penachio’s counsel acknowledged that he has found no case where such rescission has been based on fraud, threats, or duress for which the public employer was not responsible. The court doubts that any such case exists. Accordingly, finding no likelihood that Penachio will succeed on the merits of his claim against the Town, the court need not proceed further to a balancing of harms. See John T. Callahan & Sons, Inc. v. City of Malden, 430 Mass. 124, 130-31 (1991), quoting Commonwealth v. Mass. CRINC, 392 Mass. 79, 87-88 (1984).
Now before the court is defendants’ motion for summary judgment. [D. 14.] A non-evidentiaiy hearing was held on May 17, 2016. For reasons discussed below, the defendants’ motion for summary judgment is ALLOWED. Judgment of dismissal will enter in the defendants’ favor.
DISCUSSION
A motion for summary judgment should be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party, here the defendants, bear the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “The court must view the evidence in the light most favorable to the party against whom summary judgment is sought and draw all reasonable inferences in [its] favor.” Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see also Sullivan v. Liberty Mutual Ins. Co., 444 Mass. 34, 38 (2000) (same).
A party who does not bear the burden of proof at trial, like the defendants, may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his
case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. GeneralMotors Corp., 410 Mass. 706, 714 (1991). Here, the defendants contend, among other arguments, that Pen-achio has no reasonable expectation of proving that either defendant is responsible for the threats and coercion that Penachio claims impermissibly forced his resignation from his positions with the town.
Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. “The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). “Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.” Id. at 248. “Summary judgment will not lie if the dispute about a material fact is ‘genuine,’ that is if the evidence is such that a reasonable jury could return a verdict for the nonmov-ing party.” Id. The nonmoving party cannot defeat a motion for summary judgment by resting on the pleadings and mere assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). In deciding motions for summary judgment, the court may consider pleadings, deposition transcripts, answers to interrogatories, admissions on file, and affidavits. Mass.R.Civ.P. 56(c). “[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Mass.RCiv.R 56(e); see also Madsen v. Irwin, 395 Mass. 715, 719 (1985) (“The requirements of Rule 56(e) are mandatory”). The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
The starting point for the court is the same fatal flaw that doomed Penachio’s request for preliminary injunctive relief. Even after discovery and a police investigation, it is undisputed that neither the town nor Crabtree had any involvement in or responsibility for the anonymous letter that Penachio claims, also without dispute, forced his resignations. Thus, it is undisputed that the threats and coercion that forced his employment resignations did not emanate from the defendants. As was the case at the injunctive stage of this action, Penachio has found no case which grants rescission of an employment resignation that resulted from threats or coercion of the sort here, where the defendant employer had no involvement in or responsibility for the threats and coercion that forced the resignations. Cases where rescission is granted for *442 employer misconduct are not helpful to Penachio, as there is no employer misconduct in this case. Finally, the court is aware of no authority that would support a forced rescission of an employment resignation for which the employer bore no responsibility. If new law is to be created, it will have to be done by an appellate court of this Commonwealth. Accordingly, no disputed facts preclude entry of judgment as a matter of law in favor of the defendants.
ORDER
Defendants’ motion for summary judgment [D. 14] is ALLOWED. Judgment of dismissal shall enter on the court’s docket.

 At the hearing, Penachio’s counsel informed the court that Penachio was withdrawing his claim for back pay/benefits, and was merely seeking that he be restored to his prior positions with the town.